UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Northpark Office Tower L.P, Debtor.

                              Movant,          BANKRUPTCY CASE NUMBER

*versus*                                                            09-39205

                            Respondent.

## NOTICE OF HEARING ON RELIEF FROM STAY

On 12/04/09, a motion was filed, seeking relief from the automatic stay of 11 U.S.C. 362. The court has set the preliminary hearing on the motion for:

Date: Jan. 6, 2010,
Time: 9:00 A .m.
Courtroom: 405 on Floor: 4th.
Address: United States Court House, 515 Rusk Avenue, Houston, Texas 77002

If you object to the lifting of the stay, no later than five (5) working days before the hearing you must:

1. File with the Clerk an affidavit stating that:

    a. You have conferred with the movant in a good faith effort to reach an agreement, with the dates and times of the conferences,
    b. The efforts were unsuccessful, and
    c. A hearing is required.

2. File with the Clerk your written answer opposing the motion; include:

    a. The particular grounds for the opposition under Federal Rules 8(b) and 11;
    b. The identity of your interest in the property;
    c. The provable value of the property and the equity after deduction of all encumbrances; and
    d. Attach copies of your affidavit of conferences and the motion to your answer.

3. Serve a copy of your written answer on the movant at:

Your written answer will be your request for hearing. No hearing will be held on the request of the movant or on an answer received within five days before the hearing,

                                                   Michael N. Milby, Clerk

DEC 0 4 2009

Date Issued: _____         By: _____
                                                                Deputy Clerk

*To the Movant:* A copy of this notice with a copy of your motion must be served within 24 hours of receipt from the clerk. A proof of service form is on the back.

                                                  LOCAL FORM NO. 5          FCI-SST

United States District Court
Southern District of Texas
FILED

DEC 0 4 2009

Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 09-39205 |
| | § | (Chapter 11 Involuntary) |
| NORTHPARK OFFICE TOWER, LP | § | |
| | § | |

### EXPEDITED MOTION FOR RELIEF FROM THE STAY REGARDING NON-EXEMPT PROPERTY

> **THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NO LATER THAN DECEMBER 30, 2009 AND YOU MUST ATTEND THE HEARING.**
>
> **THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONIC DELIVERY IF IT IS SENT LESS THAN SEVEN BUSINESS DAYS PRIOR TO THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING. THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON JANUARY 6, 2010 AT 9:00 A.M. IN COURTROOM 403 LOCATED AT 515 RUSK, 4TH FLOOR, HOUSTON, TX 77002.**

1. Movant: ERPILE, LLC

2. Movant, directly or as agent for the holder, holds a security interest in 3.4087 acres lying in the W. P. Morton Survey, Abstract 539, in Harris County, Texas, more particularly described by metes and bounds in the attached Exhibit "A", and also known as 1415 North Loop West, Houston, Texas 77008.

3. This property is non-exempt property.

4. Type of collateral (e.g., Home, Manufactured Home, Car, Truck, Motorcycle): <u>Office building</u>

5. Debtor's scheduled value of property: Debtor has not yet filed schedules

6. Movant's estimated value of property: $3,500,000.00

7. Total amount owed to movant: $2,515,000.00

8. Estimated equity (paragraph 6 minus paragraph 7): $985,000.00

9. Total pre and post-petition arrearages: $2,515,000.00

10. Total post-petition arrearages: $2,515,000.00

11. Amount of unpaid, past due property taxes, if applicable: approximately $347,000 for 2008, and $190,000.00 for 2009's taxes will be due January 30, 2010

12. Expiration date on insurance policy, if applicable: January 15, 2010

13. The loan matured April 1, 2009. Monthly payments were past due at the time of the maturity of the loan

14. If applicable: Name of co-debtor: N/A

15. Based on the foregoing, movant seeks termination of the automatic stay to allow movant to foreclose the debtor's property and seeks to recover its costs and attorneys' fees in an amount not to exceed the amount listed in paragraph 8.

16. Movant certifies that prior to filing this motion an attempt was made to confer with the Debtors(s)'counsel (or with Debtor(s), if pro se) by the following person on the following date and time: Stephen G. Hunt attempted to reach the Debtor's attorney, Rich Wakelland, on 12/2 and 4/2009, and petitioner Kevin Orton's attorney, Alan Gerger, on December 4, 2009, and has not received return phone calls or an agreement could not be reached.

Date: 12/4/09

Respectfully submitted,
BOND, HUNT, FRENCH & COMPANY, PLLC

/s/ Stephen Hunt

Stephen G. Hunt
SBN: 10289500
550 Westcott, Suite 350
Houston TX 77007
713-355-4800 Ext. 5
713-355-4809 (Facsimile)
Attorney for Movant, ERPILE, LLC

## CERTIFICATE OF SERVICE

A copy of this motion was served by prepaid United States first class mail to all parties listed below in the 4th day of December, 2009. Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

*Stephen Hunt*
Stephen G. Hunt

**Debtor**
Ali Choudhri, Registered Agent
Northpark Office Tower, LP
2500 West Loop South, Ste. 255
Houston, TX 77008

Rich Wakeland, Attorney
Northpark Office Tower, LP
2500 West Loop South, Ste. 255
Houston, TX 77008

**Creditors**
Alan Gerger
Dunn, Neal & Gerger, LLP
3050 Post Oak Blvd., Ste 400
Houston, TX 77056

Ciano Pasta
5718 Westheimer, Suite 940
Houston, TX 77057

**Trustee**
U.S. Trustee
Office of the U.S. Trustee
515 Rusk Ave., Ste. 3516
Houston, TX 77002

Anthony Nims
Linebarger Goggan
1301 Travis, Suite 300
Houston, TX 77002

Brian Kilmer
3102 Maple Ave., Suite 450
Dallas, TX 75201

Exhibit 'A'
METES and BOUNDS DESCRIPTION

Of 3.4087 Acres or 148,480 Square Feet of land being the remainder of that certain 4.2849 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to INTERVEST-HOUSTON NLW, LTD. by a deed dated November 7, 1997 and recorded under Clerk's File No. S726024, of the Deed Records of Harris County, Texas (H.C.D.R.), being out of NORTH SHEPHERD TERRACE APARTMENTS, SECTION TWO, according to the map or plat thereof recorded in Volume 44, Page 42, of the Map Records of Harris County, Texas (H.C.M.R.), lying in the W. P. MORTON Survey, Abstract 539, in Houston, Harris County, Texas, said 3.4087 Acre tract is more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" inch iron pipe found at the Northwest Corner of said 4.2849 Acre Tract of land, the Northeast corner of that certain 3.5025 Acre Tract of land conveyed from OAK FOREST BANK BUILDING CORP. to OAK FOREST BANK by a deed dated April 10, 1980 and recorded under Clerk's File No. G566806, H.C.D.R., same being the South Right-of-Way of NORTH LOOP WEST-IH 610 (a Variable Right-of-Way);

THENCE South 89 deg. 49 min. 14 sec. East, along the South Right-of-Way of said NORTH LOOP WEST-IH 610, same being the North line of said 4.2849 Acre Tract of land, a distance of 42.53 feet to a Mag. Nail set at a point for corner;

THENCE South 00 deg. 39 min. 28 sec. West, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 110.62 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 33.24 feet along the arc of a curve to the left, said curve having a radius of 29.93 feet, a central angle of 63 deg. 38 min. 07 sec., a chord which bears South 33 deg. 16 min. 23 sec. East, and a chord distance 31.55 feet to a 5/8 inch iron rod set at a point for corner;

THENCE South 69 deg. 00 min. 41 sec. East, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 140.48 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 26.50 feet along the arc of a curve to the right, said curve having a radius of 111.04 feet, a central angle of 13 deg. 40 min. 21 sec., a chord which bears South 61 deg. 48 min. 45 sec. East, and a chord distance 26.44 feet to a Mag. Nail set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 31.94 feet, along the arc of a curve to the right, said curve having a radius of 82.09 feet, a central angle of 22 deg. 17 min. 39 sec., a chord which bears South 44 deg. 50 min. 57 sec. East, and a chord distance 31.74 feet to a 5/8 inch iron rod set at a point for corner;

THENCE South 29 deg. 16 min. 06 sec. East, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 35.00 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 3.4087 Acre Tract of land, a distance of 7.34 feet along the arc of a curve to the left, said curve having a radius of 8.28 feet, a central angle of 50 deg. 47 min. 43 sec., a chord which bears South 51 deg. 49 min. 56 sec. East, and a chord distance 7.10 feet to a Mag. Nail set at a point for corner;

THENCE Easterly, along the North line of said 4.2849 Acre Tract of land, same being the West line of that certain 3.3843 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to 610 LOOP NO. 2, L.P. by a deed dated March 20, 2000 and recorded under Clerk's File No. U286014, H.C.D.R., a distance of 26.71 feet along the arc of a curve to the left, said curve having a radius of 30.00 feet, a central angle of 51 deg. 01 min. 11 sec., a chord which bears North 89 deg. 13 min. 36 sec. East, and a chord distance 25.84 feet to a 5/8 inch iron rod found at a point for corner;

THENCE South 35 deg. 33 min. 41 sec. East, along the Northeast line of said 4.2849 Acre Tract of land, same being the Southwest line of said 3.3843 Acre Tract of land, a distance of 31.34 feet to a 5/8 inch iron rod found at a point for corner;

THENCE Southwesterly, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 41.35 feet along the arc of a curve to the left, said curve having a radius of 90.00 feet, a central angle of 26 deg. 19 min. 34 sec., a chord which bears South 50 deg. 07 min. 39 sec. West, and a chord distance 40.99 feet to a 5/8 inch iron rod found at a point for corner;

THENCE Southwesterly, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 50.73 feet along the arc of a curve to the left, said curve having a radius of 132.00 feet, a central angle of 22 deg. 01 min. 14 sec., a chord which bears South 26 deg. 53 min. 35 sec. West, and a chord distance 50.42 feet to a 5/8 inch iron rod found at a point for corner;

THENCE South 14 deg. 47 min. 51 sec. West, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 32.84 feet to a point for corner, from which a 5/8 inch iron rod was found West, 0.14 feet;

THENCE South 00 deg. 24 min. 45 sec. West, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 130.08 feet to a point for corner, from which a 5/8 inch iron rod was found North 0.64 feet, and East, 0.10 feet;

THENCE South 90 deg. 00 min. 00 sec. West, along the South line of said 4.2849 Acre Tract of land, said NORTH SHEPHERD TERRACE APARTMENTS, SECTION TWO, said W. P. MORTON Survey, same being the North line of the REINERMAN Survey, Abstract 644, and SHADYACRES SECTION II, according to the map or plat thereof recorded in Volume 7, Page 23, H.C.M.R., a distance of 643.34 (Called 643.62) feet to a point for corner, from which a 5/8 inch iron rod was found West, 0.50 feet;

THENCE North 00 deg. 32 min. 00 sec. East, along the East line of said 4.2849 Acre Tract of land, same being the West line of the remainder of that certain 3.4021 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to INTERVEST-HOUSTON NLW, LTD. by a deed dated November 7, 1997 and recorded under Clerk's File No. S726021, H.C.D.R., a distance of 33.50 feet to a point for corner, from which a "X" in concrete was found North, 0.36 feet, and West, 0.58 feet;

THENCE North 90 deg. 00 min. 00 sec. East, along the most Southerly North line of said 4.2849 Acre Tract of land, same being the most Southerly South line of said 3.5025 Acre Tract of land, a distance of 165.78 feet to a point for corner, from which a "X" in concrete was found North, 0.18 feet, and West, 0.42 feet;

THENCE North 00 deg. 25 min. 40 sec. East (Called North 00 deg. 32 min. 00 sec. East), along the West line of said 4.2849 Acre Tract of land, same being the East line of said 3.5025 Acre Tract of land, a distance of 173.23 (Called 173.09) feet to a 1 inch iron pipe found at a point for corner, from which a 1/2 inch iron rod was found North, 0.16 feet, and East, 0.13 feet;

THENCE South 89 deg. 26 min. 41 sec. East (Called South 89 deg. 28 min. 00 sec. East), along the North line of said 4.2849 Acre Tract of land, same being the most Northerly South line of said 3.5025 Acre Tract of land, a distance of 234.19 feet to a 1 inch iron pipe found at a point for corner;

THENCE North 00 deg. 35 min. 09 sec. East (Called North 00 deg. 32 min. 00 sec. East), along the West line of said 4.2849 Acre Tract of land, same being the East line of said 3.5025 Acre Tract of land, a distance of 311.13 feet to the POINT OF BEGINNING, containing within these calls 3.4087 Acres or 148,480 Square Feet of land as depicted by a plat prepared by Donald K. Hall, R.P.L.S. No. 4070 dated March 8, 2006.

NOTE: The Company does not represent that the above acreage or square footage calculations are correct