

United States Courts
Southern District of Texas
FILED

DEC 0 8 2009

Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN
DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NORTHPARK OFFICE TOWER, LP | § | INVOLUNTARY FILING Chapter 11 |
| | § | |
| Debtor | § | Case No. 09-39205 |
| | § | |
| | § | |

### DEBTOR'S MOTION FOR PETITIONER BOND and SANCTIONS and REQUEST FOR EXPEDITED HEARING

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
**Represented parties should act through their attorney.**

COMES NOW, NORTHPARK OFFICE TOWER, LP and files this their Motion for Petitioner Bond and Sanctions and respectfully shows the court the following:

### PETITIONER IS NOT A CREDITOR

1.    Petitioner is an individual who is a guarantor on a note owed by Debtor. Petitioner claims that this qualifies him as a creditor to the Northpark Office Tower Limited Partnership under 11 U.S.C. §303(b).

2.    Debtor is not indebted to Petitioner in any way. No monies are owed Petitioner by Debtor.

3.    Should Petitioner's claim as guarantor on the note satisfy the requirements of creditor status under 11 U.S.C. §303(b), then he would count as one of numerous creditors of the Debtor. Such creditors total more than thirteen

(Exhibit 1).  Indeed, should he be found to be a creditor under 11 U.S.C.
§303(b), then in all involuntary proceedings under 11 U.S.C. §303, a
guarantor on a note will be counted as a creditor.

## PETITIONER HAS REPEATEDLY FILED IN BAD FAITH

4.    In January 2009, Petitioner filed a bad faith Chapter 11 petition in Cause No.
09-39205.  The Petitioner, Kevin Orton:

- Did not have authority to file, as he was not the General Partner of the limited
  partnership.
- Was done solely to forestall foreclosure by the existing note holder.
- Was filed by Petitioner to temporarily frustrate the creditor by invoking the
  automatic stay.
- Was dismissed because the limited partnership had already reached an
  agreement with the creditor and funds were at the title company.

5.    The agreed order in that cause is attached as Exhibit 2.

6.    In the present filing, the Petitioner, Kevin Orton:

- Does not have authority as a creditor to file an involuntary petition.
- Filed solely to forestall foreclosure by the existing note holder, ERPILE,
  LLC.
- Filed this involuntary petition merely to temporarily frustrate the creditor
  by invoking the automatic stay.
- Should be dismissed because Petitioner is not a creditor and does not have
  any basis in any claims against the limited partnership.

7.    Prior to this bad faith filing, Petitioner filed a Motion for a Temporary
Restraining Order in State District Court, Harris County Texas.  The
Petitioner's actions were taken entirely in an effort to prevent foreclosure on
the property by ERPILE, LLC.

- The hearing was set for the afternoon of the day before foreclosure.
- The Petitioner was first warned by the judge regarding his behavior during
  the hearing.
- The Petitioner was ultimately ejected from the courtroom by the presiding
  judge.
- The Petitioner returned to the courtroom, and the presiding judge directed
  the bailiff to remove the Petitioner from the courtroom and suspended the
  hearing.

## PETITIONER HAS CAUSED DEBTOR TO SUFFER MONETARY DAMAGES

8.  Debtor has incurred attorney's fees in excess of $10,000 as a result of this bad faith filing.

9.  Debtor will incur costs as a result of this bad faith filing.

10. Debtor will incur additional financing charges in order to refinance the note. Debtor expects to now have to pay an additional three percentage points to refinance because of the bad faith filing of bankruptcy by Petitioner.

11. Petitioner's bad faith filing has made it difficult to renew leases on the property with existing tenants and will likely lower the rental rates for both existing tenants and prospective tenants.

## SINCE THE ORIGINAL BAD FAITH FILING BY PETITIONER, DEBTOR HAS REDUCED THE AMOUNT OF THE NOTE BY $1.5 MILLION

12. At the time of Debtor's first bad faith filing of bankruptcy, the outstanding note balance was approximately $4.1 million.  The note has been paid down to less than $2.6 million.

13. Debtor has diligently worked to refinance the note, and in fact had arranged financing but Petitioner Kevin Orton refused to provide needed documents to allow for the refinancing to occur.  Subsequently, ERPILE, LLC has sought foreclosure on the note.

## PETITIONER KEVIN ORTON HAS ON FOUR OCCASIONS TAKEN BAD FAITH ACTION THAT HAS INTERFERED WITH DEBTORS ABILITY TO DEAL WITH THE HOLDER OF THE NOTE

14. In January 2009, Petitioner Kevin Orton, without authority, and in bad faith in order to forestall foreclosure filed Chapter 11 bankruptcy.  The original order in that case forbade him from filing bankruptcy for one year. (Exhibit 3).

15. From August to October 2009, Petitioner Kevin Orton, failed to provide necessary documents to allow refinancing of the existing note to occur, in contradiction to paragraph h of the bankruptcy court's order (Exhibit 2) entered on May 13, 2009 in case number 09-30600.

16.     On November 25, 2009, Petitioner Kevin Orton filed a motion for a temporary restraining order in the state district court of Harris County, Texas for the sole purpose of stopping the foreclosure of the property.  He as well as his motion were thrown out of the court.

17.     Finally, on December 1, 2009, Petitioner Kevin Orton (A DEBTOR, NOT A CREDITOR), filed his bad faith involuntary chapter 11 bankruptcy petition against Debtor, further interfering with Debtor's ability to negotiate with the lender.  In fact, Northpark Office Tower, L.P. had entered into an agreement with ERPILE, LLC stopping the foreclosure scheduled for December 1, 2009. He did this for the sole purpose of using the automatic stay to stop the foreclosure thereby frustrating ERPILE, LLC and to interfere in the negotiations between Debtor and ERPILE.


## PETITIONER KEVIN ORTON'S HISTORY OF BAD FAITH ACTIONS WARRANT THE POSTING OF A BOND.

18.     11 U.S.C. § 303(e) allows for the court to require a bond from Petitioner to indemnify Debtor, NorthPark Office Tower, LP for any costs or attorney's fees, as well as if the filing is found to be in bad faith, damages proximately caused by the filing as well as punitive damages.

19.     Debtor expects proximate damages to be three percentage points on the outstanding balance required to be refinanced.  This totals to approximately $90,000.

20.     Debtor expects their attorney's fees to be $15,000.

21.     Debtor expects their costs of court to be $3,000.

22.     Debtor seeks punitive damages of three times actual damages, or $270,000.

23.     Therefore, Debtor seeks a bond of $378,000.


## SANCTIONS AGAINST PETITIONER'S ATTORNEY ARE WARRANTED

24.     Debtor's attorney is equally responsible for this bad faith filing.  His submission of the involuntary petition purposefully aided Petitioner in his bad

faith filing. He cannot claim a good faith extension of the law by claiming that Kevin Orton's status as a guarantor on the note qualifies him for creditor status against NorthPark. Furthermore, he is well aware that no monies are owed to Kevin Orton by NorthPark. Proper review by an attorney would have indicated to him that there were substantially more that twelve creditors. The filing by this attorney has caused damages to NorthPark, and is sanctionable. NorthPark seeks sanctions against Alan Gerger, of Dunn, Neal & Gerger, LLP in the amount of $3,000.

## REQUEST FOR EXPEDITED HEARING ON MOTION FOR PETITIONER BOND AND SANCTIONS

NorthPark Office Tower, LP respectfully requests and expedited hearing for its Motion for Petitioner Bond and Sanctions. NorthPark continues to be in negotiation with its lender, ERPILE, who has filed a motion to lift stay and requested an expedited hearing. NothPark requests that its motion for bond be set three days before ERPILE's motion to lift stay (IDEALLY ON OR BEFORE DECEMBER 11, 2009) to allow Petitioner Kevin Orton time to post bond. NorthPark expects to file simultaneously with this motion its on motion to dismiss the involuntary petition. Requirement of a bond from Petitioner prior to the motion to dismiss ensures funds are present to award to Northpark if the court should so decide.

NorthPark Office Tower, LP respectfully requests that the above requested relief be granted and for such other and further relief to which NorthPark Office Tower, LP may be entitled.

Respectfully submitted,

Richard E. Wakeland

Richard E. Wakeland

SBN: 00788912

2500 West Loop South, Suite 255
Houston, TX 77027
713-789-7654
713-789-3331 facsimile
Attorney for movant, NorthPark

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above pleading was served on all parties in interest as listed below by depositing the same n the U.S. mail, postage prepaid on the _____ of December, 2009.

Richard E. Wakeland

Trustee
U.S. Trustee
Office of the Trustee
515 Rusk Ave., STE 3516
Houston, TX 77002

Alan Gerger
Dunn, Neal & Gerger, LLP
3050 Post Oak Blvd., Ste 400
Houston, TX 77056

Creditors
Stephen G. Hunt
550 Westcott, Suite 350
Houston, TX 77007

Ciano Pasta
5718 Westheimer, Suite 940
Houston, TX 77057

Anthony Nims
Linebarger Goggan
1301 Travis, Suite 300
Houston, TX 77002

Brian Kilmer
3102 Maple Ave, Suite 450
Dallas, TX 75201

IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN
DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NORTHPARK OFFICE TOWER, LP | § | INVOLUNTARY FILING Chapter 11 |
| | § | |
| Debtor | § | Case No. 09-39205 |

ORDER ON NORTHPARK'S MOTION FOR EXPEDITED HEARING ON
PETITIONER'S BOND

Came to be heard NORTHPARK OFFICE TOWER, LP'S Motion for Expedited
Hearing on Petitioner's Bond and the Court after a hearing on such matter and after
having reviewed the pleadings find that NothPark's motion is warranted.

It is therefore ordered that Debtor NorthPark Office Tower, LP's Motion for
Expedited Hearing on Petitioner's Bond is granted and that NorthPark Office Tower,
LP's Motion for Expedited Hearing on Petitioner's Bond shall be heard on

_____ at _____ a.m./p.m. in Courtroom 403,
Fourth Floor, 515 Rusk Avenue, Houston, Texas 77002

It is further ordered that responses to the Expedited Motion shall be filed no later

than 4:00 p.m. on _____.

Signed this _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE