IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN
DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NORTHPARK OFFICE TOWER, LP | § | INVOLUNTARY FILING Chapter 11 |
| | § | |
| Debtor | § | Case No. 09-39205 |

NORTHPARK'S MOTION TO DISMISS AND FOR JUDGMENT AND EXPEDITED
REQUEST FOR HEARING

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.
Represented parties should act through their attorney.**

COMES NOW, NORTHPARK OFFICE TOWER, LP and files this their Motion to Dismiss and for Judgment and respectfully shows the court the following:

1. NorthPark Office Tower, LP seeks dismissal of this case and judgment allowed under §303(i) for attorney's fees, costs, proximate damages and punitive damages.

2. Petitioner is an individual who is a guarantor on a note owed by Debtor. Petitioner claims that this qualifies him as a creditor to the NorthPark Office Tower Limited Partnership under 11 U.S.C. §303(b).

3. Debtor is not indebted to Petitioner in any way. No monies are owed Petitioner by Debtor.

4. Should Petitioner's claim as guarantor on the note satisfy the requirements of creditor status under 11 U.S.C. §303(b), then he would count as one of numerous creditors of the Debtor. Such creditors total more than thirteen (Exhibit 1). Indeed, should he be found to be a creditor under 11 U.S.C.

§303(b), then in all involuntary proceedings under 11 U.S.C. §303, a guarantor on a note will be counted as a creditor.

5. Dismissal of this case allows the court to award costs and attorney's fees to NorthPark under 11 U.S.C. §303(i)(1). NorthPark asks for judgment against Petitioner, Kevin Orton to include costs and attorney's fees.

**PETITIONER HAS FILED IN BAD FAITH**

6. A finding by the court of bad faith filing allows the court to award proximate damages or punitive damages. NorthPark seeks both.

7. In January 2009, Petitioner filed a bad faith Chapter 11 petition in Cause No. 09-30600. The Petitioner, Kevin Orton:
   a. Did not have authority to file, as he was not the General Partner of the limited partnership.
   b. Was done solely to forestall foreclosure by the existing note holder.
   c. Was filed by Petitioner to temporarily frustrate the creditor by invoking the automatic stay.
   d. Was dismissed because the limited partnership had already reached an agreement with the creditor and funds were at the title company.

8. The agreed order in that cause is attached as Exhibit 2.

9. In the present filing, the Petitioner, Kevin Orton:
   a. Does not have authority as a creditor to file an involuntary petition.
   b. Filed solely to forestall foreclosure by the existing note holder, ERPILE, LLC.
   c. Filed this involuntary petition merely to temporarily frustrate the creditor by invoking the automatic stay.
   d. Should be dismissed because Petitioner is not a creditor and does not have any basis in any claims against the limited partnership.

10. Prior to this bad faith filing, Petitioner filed a Motion for a Temporary Restraining Order in State District Court, Harris County Texas. The Petitioner's actions were taken entirely in an effort to prevent foreclosure on the property by ERPILE, LLC.
    a. The hearing was set for the afternoon of the day before foreclosure.
    b. The Petitioner was first warned by the judge regarding his behavior during the hearing.
    c. The Petitioner was ultimately ejected from the courtroom by the presiding judge.

    d. The Petitioner returned to the courtroom, and the presiding judge directed the bailiff to remove the Petitioner from the courtroom and suspended the hearing.

## PETITIONER KEVIN ORTON HAS ON FOUR OCCASIONS TAKEN BAD FAITH ACTION THAT HAS INTERFERED WITH DEBTORS ABILITY TO DEAL WITH THE HOLDER OF THE NOTE

11. In January 2009, Petitioner Kevin Orton, without authority, and in bad faith in order to forestall foreclosure filed Chapter 11 bankruptcy. The original order in that case forbade NorthPark from filing bankruptcy for one year. (Exhibit 3).

12. Since August 2009, Petitioner Kevin Orton, failed to provide necessary documents to allow refinancing of the existing note to occur, in contradiction to paragraph h of the bankruptcy court's order (Exhibit 2) entered on May 13, 2009 in case number 09-30600.

13. On November 25, 2009, Petitioner Kevin Orton filed a motion for a temporary restraining order in the state district court of Harris County, Texas for the sole purpose of stopping the foreclosure of the property and or to harass Northpark in its negotiations with ERPILE. Kevin Orton filed the TRO claiming to represent NorthPark. This was done in direct contradiction with this court's order in case 09-30600 paragraph 1.j. He misled his attorney in the filing. He attempted to mislead the court that he had the authority to file the TRO by not notifying NorthPark that he had filed a TRO. He as well as his motion were thrown out of the court.

14. Finally, on December 1, 2009, Petitioner Kevin Orton (A DEBTOR, NOT A CREDITOR), filed his bad faith involuntary chapter 11 bankruptcy petition against Debtor, further interfering with Debtor's ability to negotiate with the lender. He chose this manner of filing because paragraph 1. j. of the court's order (Exhibit 2) forbids him from filing for the partnership. In fact, Northpark Office Tower, L.P. had entered into an agreement with ERPILE, LLC stopping the foreclosure scheduled for December 1, 2009. He did this for the sole purpose of using the automatic stay to stop the foreclosure thereby

frustrating ERPILE, LLC and to interfere in the negotiations between Debtor and ERPILE.

## AN INVOLUNTARY PETITION CAN BE DISMISSED IF THE PETITIONER DOES NOT SATISFY THE REQUIREMENTS OF 11 U.S.C. §303(b) OR IF FILED IN BAD FAITH, EVEN IF FILED BY A PROPER CREDITOR

15. Petitioner Kevin Orton is not a creditor under 11 U.S.C. §303(b) and he has filed in bad faith. Either are grounds for dismissal under 11 U.S.C. §303.

16. A finding of bad faith by the court allows the awarding of proximate and punitive damages against the Petitioner.

17. Criteria for bad faith filings are found summarized in *In re Mi La Sul*, 380 B.R. 546, 554 (Bankr. C.D. Cal. 2007). There are six identified ways in which courts have found filings to be in bad faith. Any <u>one</u> of which satisfies the requirement of being classified as a bad faith filing.

18. The six are:
    (i) Subjective test – based upon the petitioner's motivation.
    (ii) Improper purpose test – was the filing to harm NorthPark's business?
    (iii) Objective test – what would a reasonable person in Petitioner's position have done?
    (iv) Improper use – does it use the bankruptcy process for an improper purpose (in this case with regard to NorthPark).
    (v) Combined subjective and objective – similar to Rule 9011.
    (vi) Nose test – if it smells like bad faith, it's got to be bad faith.

19. *In re Mi La Sul*, the court dismissed the petition for bad faith after finding that the petitioning creditors acted solely for the purpose of obtaining an automatic stay to stop a pending foreclosure in the hope of obtaining the property subject to foreclosure by pressuring the foreclosing creditor into accepting a lower payoff. *In re Stern*, 268 B.R. 390 (Bankr., S.D. N.Y. 2001), the same finding of bad faith was made because the effort was solely to buy time to negotiate by stopping the foreclosure.

## NORTHPARK IS NOT IN COLLUSION WITH PETITIONER AND SEEKS TO DISMISS THIS BAD FAITH FILING BY PETITIONER KEVIN ORTON.

20. The actions taken by Petitioner Kevin Orton qualify as bad faith under all six of the criteria listed above. NorthPark was in active negotiation with ERPILE, and NorthPark sought and received input from Kevin Orton during the negotiating process. (See Exhibit 4, emails describing negotiations).

21. Petitioner Kevin Orton repeatedly states his desire to have the partnership file bankruptcy for the sole purpose of avoiding foreclosure. In an email dated November 25, 2009, he states, "If the lender will not do anything, you must file bankruptcy to protect the building. Do not wait until 5:00 today." Exhibit 5.

22. Petitioner Kevin Orton further demonstrates his desire for bankruptcy to be filed for the sole purpose of staving off foreclosure in his certified letter dated November 25, 2009. "I MUST INSIST YOU FILE FOR BANKRUPTCY PROTECTION"; "NO OTHER REMEDY I KNOW OF MAY BE A RELIABLE REMEDY."; "FILING A BANKRUPTCY PETITION IS THE ONLY BEST RELIABLE ACTION TO TAKE THAT I KNOW OF."; and "IF YOU DO NOT WISH TO OR ARE NOT ABLE TO FILE BANKRUPTCY FOR NORTHPARK I WILL CONSIDER DOING SO IF YOU GIVE ME YOUR IMMEDIATE WRITTEN CONSENT AND I AM ABLE TO." (Exhibit 6). Kevin Orton was never given authority, knows that he has no authority to file, so instead, he filed this bad faith involuntary petition.

23. Then later in the day on November 25, 2009, Petitioner Kevin Orton filed a Temporary Restraining Order in state district court for the sole purpose of stopping the foreclosure scheduled on December 1, 2009. In the hearing, his counsel, Mr. Duke says:

"Mr. Duke: And our position is it's an eight-million dollar building for this two and a half million dollar note. He stands to take a hell of a beating, and it's 4 o'clock in the day – in the afternoon on the day before it's going to be foreclosed on – 10:00 in the morning. You know? So whatever negotiations and good deeds

and so forth—and so forth obviously haven't worked, so that's why we need a TRO, to be able to get into this thing and sort it out." (TRO transcript, page 10 lines 6-15, Exhibit 7).

Kevin Orton filed the TRO claiming to represent NorthPark. He misled his attorney in the filing. Kevin Orton never informed NorthPark that he had filed a TRO until formal written service was received on November 30, 2009 at approximately 12:10 p.m. During the intervening five days he never informed the general partner that he had filed a TRO. See affidavit of Ali Choudhri, Exhibit 8.

24. On December 1, 2009, Petitioner Kevin Orton filed his involuntary bankruptcy petition against NorthPark. He chose this manner of filing because he knew he could not file as NorthPark. In January, 2009 he filed a voluntary petition, without authority in Case No. 09 30600, solely for the purpose of stopping a foreclosure on the same property. The details of which are in the court records and document that he was aware he did not have authority to file, that he was not the general partner, yet he filed to stop the foreclosure.

## PETITIONER KEVIN ORTON FILED THIS INVOLUNTARY PETITION IN BAD FAITH

25. It only requires one of the above listed criteria to be met in order for a finding of bad faith on the part of the petitioner. The Petitioner, Kevin Orton satisfies all six.

26. Subjective Test – based upon petitioner's motivation:
   a. He demonstrated in January, 2009 his willingness to file bankruptcy for the sole purpose of stopping foreclosure in Case No. 09-30600.
   b. In November, 2009 he filed a TRO in state district court for the sole purpose of stopping foreclosure and ostensibly for monetary purposes by attempting to give himself a better negotiating position.
   c. On December 1, 2009, because of his previous history of improper filing in January 2009, he files an involuntary petition, claiming to be a creditor. And he does this on the heels of losing his bid for the TRO the afternoon before, and just as his attorney Mr. Duke described, at the eleventh hour.

    d. Petitioner Kevin Orton made it clear that it was his desire to file bankruptcy for the sole purpose of stopping foreclosure on the property.

27. Improper purpose test – Petitioner Kevin Orton has impeded NorthPark's efforts to refinance the property by failing to provide information and required documents as ORDERED, by the court in the Agreed Order of Case No. 09-30600. (Exhibit 2). Furthermore, the transcripts of the TRO hearing describe how his filing the TRO caused friction between ERPILE and NorthPark, just when it was critical to reach an agreement. He was aware and participated in the negotiations for five days by providing input to the general partner, without notifying the general partner that he had filed a TRO on November 25, 2009. This subversive action can only be described as an effort to undermine the negotiation efforts while leading the general partner to believe he was participating.

28. Objective test – What would a reasonable person in Petitioner's position do? If an individual who was a guarantor on a note was concerned regarding their obligation to pay the note because of an insufficiency of collateral, then the reasonable person would seek personal bankruptcy protection. Petitioner Kevin Orton did not. Instead, he chose to file an involuntary petition, so his motivations are other than personal protection.

29. Improper use test – Petitioner Kevin Orton is not a creditor. At best, he is a contingent debtor! He uses the involuntary petition, reserved for proper creditors only, to stop a foreclosure and to interfere in the negotiations between NorthPark and ERPILE.

30. Combined subjective and objective – similar to Rule 9011. Taken together, similar to the manner in which sanctions are determined in Rule 9011, the standards for imposition of a bad faith determination in filing an involuntary petition require only a showing of objectively unreasonable conduct, or alternatively, a subjective determination of an improper purpose. So, a little bit of both goes a long way to show bad faith on the part of the petitioner. Petitioner Kevin Orton must show his filing is warranted by law or a non-frivolous argument for extension or reversal of the law, and evidentiary

factual support. Here the evidentiary factual support does not come from the discovery process, but rather he must show EVIDENCE HE HAS GROUNDS TO FILE AS A CREDITOR UNDER Ch 11 §303.

31. Nose test – if it smells like bad faith, it's got to be bad faith. Case law is against him, facts are against him, his petition is a foul one, it smells like a nasty, wasty skunk. Three words that best describe it are, and I quote: "Stink. Stank. Stunk." Copyright © 1957, Dr. Seuss, "You're a Mean One, Mr. Grinch."

## PETITIONER HAS CAUSED NORTHPARK TO SUFFER MONETARY DAMAGES

32. Debtor expects proximate damages to be three percentage points on the outstanding balance required to be refinanced. This totals to approximately $90,000.

33. Debtor expects their attorney's fees up to the Motion to Dismiss to be $15,000.

34. Debtor seeks punitive damages of three times actual damages, or $270,000.

35. Debtor expects their costs of court to be $3,000.

36. Debtor has incurred attorney's fees in excess of $10,000 as a result of this bad faith filing.

37. Debtor will incur costs as a result of this bad faith filing.

38. Debtor will incur additional financing charges in order to refinance the note. Debtor expects to now have to pay an additional three percentage points to refinance because of the bad faith filing of bankruptcy by Petitioner.

39. Petitioner's bad faith filing has made it difficult to renew leases on the property with existing tenants and will likely lower the rental rates for both existing tenants and prospective tenants.

## REQUEST FOR EXPEDITED HEARING ON MOTION TO DISMISS AND FOR JUDGMENT

NorthPark Office Tower, LP respectfully requests and expedited hearing for its Motion to Dismiss and for Judgment. NorthPark continues to be in negotiation with its lender, ERPILE, who has filed a motion to lift stay and requested an expedited hearing. Prior to this bad faith filing by Petitioner, NorthPark had reached an agreement with ERPILE and believes that once dismissed, the agreement will be renewed. Allowing this filing to remain in bankruptcy proceedings hinders NorthPark's ability to ultimately refinance the note with either ERPILE or another lender and only serves to further increase costs and attorney's fees to both NorthPark and ERPILE.

NothPark requests that its Motion to Dismiss and for Judgment be set before ERPILE's motion to lift stay.


Respectfully submitted,

Richard E. Wakeland

_____
Richard E. Wakeland

SBN: 00788912
2500 West Loop South, Suite 255
Houston, TX 77027
713-789-7654
713-789-3331 facsimile
Attorney for movant, NorthPark


### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above pleading was served on all parties in interest as listed below by depositing the same n the U.S. mail, postage prepaid on the ___14___ of December, 2009.

_____
Richard E. Wakeland

Trustee
U.S. Trustee
Office of the Trustee
515 Rusk Ave., STE 3516
Houston, TX 77002

Alan Gerger
Dunn, Neal & Gerger, LLP
3050 Post Oak Blvd., Ste 400
Houston, TX  77056

Creditors
Stephen G. Hunt
550 Westcott, Suite 350
Houston, TX  77007

Ciano Pasta
5718 Westheimer, Suite 940
Houston, TX  77057

Anthony Nims
Linebarger Goggan
1301 Travis, Suite 300
Houston, TX  77002

Brian Kilmer
3102 Maple Ave, Suite 450
Dallas, TX  75201