# EXHIBIT 6

**Kevin Orton**
2250 E. Tropicana Ave, Suite 19-264
Las Vegas, NV 89119 USA
(949) 480-9745, (949) 480-9472 fax
(949) 310-9783 cell direct
korton@mail220.com

Jetall Companies, Inc.,   November 25, 2009, 9:00 am C.T.
Ali Choudhri, Naeem Choudhri
2500 West Loop South
Suite 255
Houston, TX 77027
Attention Ali Choudhri and Naeem Choudhri
Fax (713) 789-3331
via fax, email, and certified / tracked mail

Northpark Office Tower LP
1415 North Loop West
Mezzanine level
Houston, TX 77008
Attention Jetall Companies, Inc. Ali Choudhri, Naeem Choudhri
Fax 713.861.6769
via fax, email, and certified / tracked mail

Ali Choudhri, Naeem Choudhri
11511 Gallant Ridge
Houston, TX 77082
Via certified / tracked mail

Danna M. Sheena, P.E., attorney
1001 Texas Ave, Suite 240
Houston, TX 77002
(713) 224 6508 (713) 225-1560 fax
via fax, email, and certified / tracked mail

Re: Memorandum of Understanding (mou) of Oct 20, 2008, and related documents regarding Northpark Office Tower LP, Northpark Office Tower GP, LLC and myself and parties and management of and property at 1415 N. Loop West, Houston 77008.

Dear Jetall / Ali,

It has come to my attention that there has been a foreclosure action initiated on the property. (see attached foreclosure posting with a sale date set for December 1, 2009)

As you know, I have a significant interest in the Northpark Office Tower, LP partnership, and the assets of the partnership, including the building at 1415 N. Loop West.

Any such foreclosure or other action that harms the value or assets of the partnership in any way would be very damaging to me. In fact, I have equity in the many millions of dollars to even 5-6 million dollars in the property and/or partnership that I will lose if there is a foreclosure on the property.

As you have insisted, on being the manager of the property, and the court order does in fact do that, as well as the management agreements executed by you. I need to and have to insist that you take care of the property in a professional and most of all responsible manner, with the utmost concern for protecting the assets of the partnership and other partners. Which is one of if not the primary responsibilities of the manager, and something you owe me and the partnership a duty of care for.

I remind you have also promised me to file for bankruptcy protection if needed to protect the partnership and/or the assets of the Northpark Office Tower LP partnership. You have done that on the written promise to do so of on or about January 21, 2009, and

in your sworn testimony to the U.S. court. A promise that was made as partial consideration for other related documents of the day.

A loan modifier to negotiate with the lender may not be enough. To that end, <u>I MUST INSIST YOU FILE FOR BANKRUPTCY PROTECTION</u> as necessary to protect the value and assets of the partnership from foreclosure or other loss.
NO OTHER REMEDY I KNOW OF MAY BE A RELIABLE REMEDY.

Such actions as filing for bankruptcy protection are not difficult, nor are they beyond the scope of prudent and responsible management. With any kind of skilled property management at all, the property is a viable going concern.
I would have to consider your failure to take such actions as willful neglect and improper to me (and the partnership). For which I would need to take action and for which I would seek damages.

TIME IS VERY LIMITED. YOU NEED TO ACT NOW. FILING A BANKRUPTCY PETITION IS THE ONLY BEST RELIABLE ACTION TO TAKE THAT I KNOW OF. YOU NEED TO CONTACT A BANKRUPTCY ATTORNEY WITHOUT DELAY AND BEGIN RIGHT AWAY.

If you need or would like my help with any of this, or do not feel you can do any of that, let me know and I will do what I can. However time is very limited. You have taken on this obligation. If you do not feel you will be able to perform your obligations for any reason, or do not wish to do so for an various reason, please advise me right away. IF YOU DO NOT WISH TO OR ARE NOT ABLE TO FILE BANKRUPTCY FOR NORTHPARK I WILL CONSIDER DOING SO IF YOU GIVE ME YOUR IMMEDIATE WRITTEN CONSENT AND I AM ABLE TO. It may be the only way to save the building.

ALSO I HAVE AN ATTORNEY. PLEASE SEND ANY CERTIFIED MAIL CORRESPONDENCE TO:

Charles Duke, Attorney
Duke and Momberger
9225 Katy Freeway, Ste 200
Houston, TX 77024
1-713-932-9782 fax
With a copy to me at my address and e-mail and fax.
Until and unless instructed otherwise.

Sincerely,

*Kevin Orton*
Kevin Orton

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

THE STATE OF TEXAS § 
§ KNOW ALL PERSONS BY THESE PRESENTS
COUNTY OF HARRIS §

WHEREAS, on March 16, 2006, NORTHPARK OFFICE TOWER, LP, a Texas limited partnership, as grantor, executed a Deed of Trust to Paul W. Long, Trustee, for the benefit of SECURITY NATIONAL LIFE INSURANCE COMPANY, covering 3.4087 acres in Harris County, Texas described by metes and bounds in Exhibit "A" attached hereto (the "Property"). The Deed of Trust was recorded under Harris County Clerk's File No. Z169918 and/or Film Code No. 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, in the Official Public Records of Real Property of Harris County, Texas. The Deed of Trust was executed for the purpose of securing the payment of a certain indebtedness, more particularly described in the Deed of Trust, and specifically a Promissory Note dated March 16, 2006 executed by Northpark Office Tower, LP, as maker, and payable to Security National Life Insurance Company;

WHEREAS, ERPILE, LLC (the "Beneficiary") is the present owner and holder of the Deed of Trust, Promissory Note and the indebtedness described in and secured by the Deed of Trust;

WHEREAS, reference is made to the Deed of Trust recorded under Harris County Clerk's File No. Z169918 in the Official Public Records of Real Property of Harris County, Texas, for all purposes as if fully set forth herein;

WHEREAS, pursuant to the requirements of the Deed of Trust and/or the laws of the State of Texas, written notice was sent by certified mail, return receipt requested, stating that a default existed in the payment of that certain indebtedness secured by the Deed of Trust, and that defaults existed under the Deed of Trust; and

WHEREAS, after default in the payment of the indebtedness described in the Deed of Trust, Beneficiary has requested that the Deed of Trust be enforced in accordance with the terms and provisions thereof.

NOW, THEREFORE, NOTICE IS GIVEN that I, the undersigned Substitute Trustee, will sell at public sale to the highest bidder for cash, at the area of the Harris County Courthouse, Family Law Center, 1115 Congress Avenue, in the City of Houston, Harris

County, Texas, as designated by the Harris County Commissioners Court at 10:00 a.m. or not later than three (3) hours after that time on Tuesday, December 1, 2009, the Property and the personal property located on, arising out of or connected directly or indirectly, with the real estate.

The sale will be made subject to all matters which are prior to the Deed of Trust, which affect title thereto, and which are a superior interest in and to the above-described Property.

Prior to the foreclosure sale, Beneficiary may appoint another person as Substitute Trustee to conduct the sale. Since the terms of the sale will be for cash, on the day of sale, those desiring to purchase the Property will need to demonstrate their ability to pay cash.

The Deed of Trust permits Beneficiary to postpone, withdraw or reschedule the sale for another day. In such case, I need not appear at the date, time and place of the scheduled sale to announce the postponement, withdrawal or rescheduling. Notice of the date of any rescheduled foreclosure sale will be re-posted and re-filed in accordance with the posting and filing requirements of the Texas Property Code. Such re-posting or re-filing may be after the date originally scheduled for this sale.

WITNESS MY HAND this 9th day of November, 2009.

/s/ Stephen Hunt
Stephen G. Hunt, Substitute Trustee

## Exhibit 'A'
### METES and BOUNDS DESCRIPTION

Of 3.4087 Acres or 148,480 Square Feet of land being the remainder of that certain 4.2849 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to INTERVEST-HOUSTON NLW, LTD. by a deed dated November 7, 1997 and recorded under Clerk's File No. S726024, of the Deed Records of Harris County, Texas (H.C.D.R.), being out of NORTH SHEPHERD TERRACE APARTMENTS, SECTION TWO, according to the map or plat thereof recorded in Volume 44, Page 42, of the Map Records of Harris County, Texas (H.C.M.R.), lying in the W. P. MORTON Survey, Abstract 539, in Houston, Harris County, Texas, said 3.4087 Acre tract is more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" inch iron pipe found at the Northwest Corner of said 4.2849 Acre Tract of land, the Northeast corner of that certain 3.5025 Acre Tract of land conveyed from OAK FOREST BANK BUILDING CORP. to OAK FOREST BANK by a deed dated April 10, 1980 and recorded under Clerk's File No. G566806, H.C.D.R., same being the South Right-of-Way of NORTH LOOP WEST-IH 610 (a Variable Right-of-Way);

THENCE South 89 deg. 49 min. 14 sec. East, along the South Right-of-Way of said NORTH LOOP WEST-IH 610, same being the North line of said 4.2849 Acre Tract of land, a distance of 42.53 feet to a Mag. Nail set at a point for corner;

THENCE South 00 deg. 39 min. 28 sec. West, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 110.62 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 33.24 feet along the arc of a curve to the left, said curve having a radius of 29.93 feet, a central angle of 63 deg. 38 min. 07 sec., a chord which bears South 33 deg. 16 min. 23 sec. East, and a chord distance 31.55 feet to a 5/8 inch iron rod set at a point for corner;

THENCE South 69 deg. 00 min. 41 sec. East, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 140.48 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 26.50 feet along the arc of a curve to the right, said curve having a radius of 111.04 feet, a central angle of 13 deg. 40 min. 21 sec., a chord which bears South 61 deg. 48 min. 45 sec. East, and a chord distance 26.44 feet to a Mag. Nail set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 31.94 feet, along the arc of a curve to the right, said curve having a radius of 82.09 feet, a central angle of 22 deg. 17 min. 39 sec., a chord which bears South 44 deg. 50 min. 57 sec. East, and a chord distance 31.74 feet to a 5/8 inch iron rod set at a point for corner;

THENCE South 29 deg. 16 min. 06 sec. East, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 35.00 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 3.4087 Acre Tract of land, a distance of 7.34 feet along the arc of a curve to the left, said curve having a radius of 8.28 feet, a central angle of 50 deg. 47 min. 43 sec., a chord which bears South 51 deg. 49 min. 56 sec. East, and a chord distance 7.10 feet to a Mag. Nail set at a point for corner;

THENCE Easterly, along the North line of said 4.2849 Acre Tract of land, same being the West line of that certain 3.3843 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to 610 LOOP NO. 2, L.P. by a deed dated March 20, 2000 and recorded under Clerk's File No. U286014, H.C.D.R., a distance of 26.71 feet along the arc of a curve to the left, said curve having a radius of 30.00 feet, a central angle of 51 deg. 01 min. 11 sec., a chord which bears North 89 deg. 13 min. 36 sec. East, and a chord distance 25.84 feet to a 5/8 inch iron rod found at a point for corner;

THENCE South 35 deg. 33 min. 41 sec. East, along the Northeast line of said 4.2849 Acre Tract of land, same being the Southwest line of said 3.3843 Acre Tract of land, a distance of 31.34 feet to a 5/8 inch iron rod found at a point for corner;

THENCE Southwesterly, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 41.35 feet along the arc of a curve to the left, said curve having a radius of 90.00 feet, a central angle of 26 deg. 19 min. 34 sec., a chord which bears South 50 deg. 07 min. 39 sec. West, and a chord distance 40.99 feet to a 5/8 inch iron rod found at a point for corner;

THENCE Southwesterly, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 50.73 feet along the arc of a curve to the left, said curve having a radius of 132.00 feet, a central angle of 22 deg. 01 min. 14 sec., a chord which bears South 26 deg. 53 min. 35 sec. West, and a chord distance 50.42 feet to a 5/8 inch iron rod found at a point for corner;



THENCE South 14 deg. 47 min. 51 sec. West, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 32.84 feet to a point for corner, from which a 5/8 inch iron rod was found West, 0.14 feet;

THENCE South 00 deg. 24 min. 45 sec. West, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 130.08 feet to a point for corner, from which a 5/8 inch iron rod was found North 0.64 feet, and East, 0.10 feet;

THENCE South 90 deg. 00 min. 00 sec. West, along the South line of said 4.2849 Acre Tract of land, said NORTH SHEPHERD TERRACE APARTMENTS, SECTION TWO, said W. P. MORTON Survey, same being the North line of the REINERMAN Survey, Abstract 644, and SHADYACRES SECTION II, according to the map or plat thereof recorded in Volume 7, Page 23, H.C.M.R., a distance of 643.34 (Called 643.62) feet to a point for corner, from which a 5/8 inch iron rod was found West, 0.50 feet;

THENCE North 00 deg. 32 min. 00 sec. East, along the East line of said 4.2849 Acre Tract of land, same being the West line of the remainder of that certain 3.4021 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to INTERVEST-HOUSTON NLW, LTD. by a deed dated November 7, 1997 and recorded under Clerk's File No. S726021, H.C.D.R., a distance of 33.50 feet to a point for corner, from which a "X" in concrete was found North, 0.36 feet, and West, 0.58 feet;

THENCE North 90 deg. 00 min. 00 sec. East, along the most Southerly North line of said 4.2849 Acre Tract of land, same being the most Southerly South line of said 3.5025 Acre Tract of land, a distance of 165.78 feet to a point for corner, from which a "X" in concrete was found North, 0.18 feet, and West, 0.42 feet;

THENCE North 00 deg. 25 min. 40 sec. East (Called North 00 deg. 32 min. 00 sec. East), along the West line of said 4.2849 Acre Tract of land, same being the East line of said 3.5025 Acre Tract of land, a distance of 173.23 (Called 173.09) feet to a 1 inch iron pipe found at a point for corner, from which a 1/2 inch iron rod was found North, 0.16 feet, and East, 0.13 feet;

THENCE South 89 deg. 26 min. 41 sec. East (Called South 89 deg. 28 min. 00 sec. East), along the North line of said 4.2849 Acre Tract of land, same being the most Northerly South line of said 3.5025 Acre Tract of land, a distance of 234.19 feet to a 1 inch iron pipe found at a point for corner;

THENCE North 00 deg. 35 min. 09 sec. East (Called North 00 deg. 32 min. 00 sec. East), along the West line of said 4.2849 Acre Tract of land, same being the East line of said 3.5025 Acre Tract of land, a distance of 311.13 feet to the POINT OF BEGINNING, containing within these calls 3.4087 Acres or 148,480 Square Feet of land as depicted by a plat prepared by Donald K. Hall, R.P.L.S. No. 4070 dated March 8, 2006.

NOTE: The Company does not represent that the above acreage or square footage calculations are correct