# EXHIBIT 8

IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN
DISTRICT OF TEXAS – HOUSTON DIVISION

| IN RE:<br>NORTHPARK OFFICE TOWER,<br>LP<br>Debtor | §<br>§<br>§<br>§ | INVOLUNTARY FILING Chapter 11<br><br>Case No. 09-39205 |
|---|---|---|

## AFFIDAVIT OF ALI CHOUDHRI

BEFORE ME, the undersigned authority, on this day personally appeared Ali Choudhri who, being known to me and duly sworn, upon oath deposed and stated as follows: "

1. My name is Ali Choudhri. I am over eighteen (18) years of age and am fully competent to make this affidavit. I am the President of Jetall Companies, Inc. ("Jetall"), which is the sole member of NorthPark Office Tower GP, LLC ("NorthPark GP"), which is the general partner of NorthPark Office Tower, LP. I am the Manager of NorthPark GP.

2. North Park Office Tower, GP has the authority to bind North Park Office Tower in all business matters.

3. Shortly after ERPILE ("Lender") obtained the note, I began negotiating extensions to the agreement with Lender. When Lender formally informed me of their intent to foreclose, I promptly notified Kevin Orton by sending certified notice to his address of record in Las Vegas, NV (see attached). I also sent him an e-mail notifying him along with the notice of foreclosure attached (see attached email). When I heard back from him, I asked for his thoughts on what proposals could be offered to Lender and actively engaged with Lender, keeping his (Kevin Orton's) input in mind. I routinely and regularly let him know the status of the negotiations and what different proposals were being floated by North Park and Lender.
This communication between myself and Kevin Orton continued up to and including the late afternoon of November 30, 2009.
At approximately 12:10 PM on November 30, 2009, my office received notice that Kevin Orton had filed a TRO against ERPILE without authority of the partnership. (The TRO was filed on behalf of North Park, LP and GP without my knowledge and approval.). Seeking to stop the foreclosure scheduled for December 1, 2009, he (Orton) had filed the TRO on November 25, five days earlier.

At no point did Kevin Orton inform me of his actions. He unilaterally took these actions without my consent as the general partner. As we discussed how to handle proposals with Lender, I had no knowledge that he had already filed his request for a TRO. When Lender and I learned of his action, all negotiations between Lender and North Park stopped, because Lender was upset. Following the hearing on the TRO, when Lender witnessed the behavior of Kevin Orton at the hearing, and the judge refused his TRO request, negotiations resumed. A tentative agreement was reached putting off the foreclosure on the night of November 30, and was finalized the morning of December 1. Shortly afterward, Lender was informed of the involuntary filing, and they then informed me, basically blaming North Park.

I have been involved in the financing and re-financing of real estate transactions such as the this one for approximately eight years. I have personally arranged for financing of real estate transactions of more than three times the existing note associated with this matter. In my professional experience, when lenders see legal proceedings associated with properties, particularly bankruptcy proceedings, they are much more hesitant to provide financing. I would expect to have to pay an additional three percentage points, or $90,000.00 on the amount of financing received because of the bankruptcy filing by Kevin Orton.

I also expect tenants of the office building to use this filing against NorthPark in their negotiations. In fact, some tenants may leave because of the stigma, or uncertainty caused by such a filing, particularly an involuntary filing. This will ultimately hurt NorthPark's revenue, directly resulting in a loss to NorthPark on the order of three percent of annual rent, or $30,000.00.

I feel North Park and Lender will be able to reach the same agreement, despite the actions of Kevin Orton, but also expect refinancing to be exceptionally more costly, as I will have to explain to a lender why North Park went into bankruptcy multiple times filed by Kevin Orton wrongfully.

All the facts above are within my personal knowledge and are true and correct."

Further Affiant sayeth not.

_____
Ali Choudhri

THE STATE OF TEXAS

COUNTY OF HARRIS

This instrument was subscribed, sworn to and acknowledged before me on the 14th day of December, 2009 by Ali Choudhri.

As witnessed my hand and seal



Notary Public in and for the State of Texas

LINDA SHIPP
Notary Public, State of Texas
My Commission Expires
August 14, 2011




**UNITED STATES POSTAL SERVICE**

Home | Help | Sign I

Track & Confirm     FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7009 1410 0000 3361 8135**
Class: **First-Class Mail®**
Service(s): **Certified Mail™**
**Return Receipt**
Status: **Delivered**

Your item was delivered at 10:47 AM on November 20, 2009 in LAS VEGAS, NV 89119.

Detailed Results:

- **Delivered, November 20, 2009, 10:47 am, LAS VEGAS, NV 89119**
- **Acceptance, November 17, 2009, 12:42 pm, HOUSTON, TX 77056**

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

---

Site Map | Customer Service | Forms | Gov't Services | Careers | Privacy Policy | Terms of Use | Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                                12/5/2009

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kevin Orton<br>2250 E. Tropicana Ave.<br>Suite 19-264<br>Las Vegas, NV 89119 | D. Is delivery address different from Item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7009 1410 0000 3361 8135 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

November 16, 2009

*Via CERT. MAIL 7009 1410 0000 3361 8135*

Kevin Orton

2250 E. Tropicana Ave.
Suite 19-264
Las Vegas, NV 89119

Re:     Notice of foreclosure posting

Kevin:

Please see attached Notice of posting of foreclosure.

Regards,

Ali Choudhri

# BOND, HUNT, FRENCH & COMPANY, P.L.L.C.
### ATTORNEYS AND COUNSELORS AT LAW

STEPHEN G. HUNT, P.C., PARTNER
TELEPHONE (713) 355-4800 - EXT. 5
FACSIMILE (713) 355-4809

550 WESTCOTT ST., SUITE 350
HOUSTON, TEXAS 77007-5099
sghunt@bhfc-law.com

November 10, 2009

Ali Choudhri, Registered Agent
NorthPark Office Tower, LP
2500 West Loop South, Suite 255
Houston, TX 77027

Via CMRRR # 7007 3020 0001 8743 5913
and First Class Mail

Ali Choudhri, Manager and Registered Agent
NorthPark Office Tower GP, LLC
2500 West Loop South, Suite 255
Houston, TX 77027

Via CMRRR # 7007 3020 0001 8743 5975
and First Class Mail

NorthPark Office Tower, LP
1415 North Loop West, Suite 222
Houston, TX 77008

Via CRRRR # 7007 3020 0001 8743 5920
and First Class Mail

Re: Notice of Posting for Foreclosure

Dear Mr. Choudhri:

ERPILE LLC, a Texas limited liability company (the "Lender"), is the present holder and owner of that certain Promissory Note, in the original principal sum of $4,500,000.00 (the "Note"), dated March 16, 2006, executed by NorthPark Office Tower, LP, and payable to the order of Security National Life Insurance Company. The Promissory Note is secured by a Deed of Trust of even date therewith, executed by NorthPark Office Tower, LP, as grantor, recorded under Harris County Clerk's File No. Z169918 and/or Film Code No. 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 in the Official Public Records of Harris County, Texas, covering 3.4087 acres in Harris County described by metes and bounds in the attached Exhibit "A" (the "Property").

The entire unpaid principal balance of the Promissory Note matured on April 1, 2009 and is now due and payable in full, together with the accrued and unpaid interest.

RECEIVED 11/16/09

Unless the Promissory Note is paid in full on or before November 30, 2009, the Property will be sold at a December 1, 2009 foreclosure sale.

On behalf of the Lender, we have posted the Property for nonjudicial foreclosure. The Property will be sold at public sale to the highest bidder for cash at 10:00 a.m. or not later than three (3) hours after that time on Tuesday, December 1, 2009. The foreclosure sale of the Property will take place at the area of the Harris County Courthouse, Family Law Center, 1115 Congress Avenue, in the City of Houston, Harris County, Texas as designated by the Harris County Commissioners Court.

Enclosed is a copy of the posted Notice of Substitute Trustee's Sale for your information.

This letter does not waive any default not specifically listed above, or waive any rights, remedies or recourse available to the Lender. This letter is not an election of remedies resulting from the defaults listed above or any other defaults that may exist under the Note, the Deed of Trust or any other document executed in connection with or as security for the Note.

You should contact the undersigned, at telephone number (713) 355-4800 ext. 5, for the exact amount owed or if you have any questions. Your immediate attention is expected.

Yours truly,

BOND, HUNT, FRENCH & COMPANY, PLLC

By: _/s/ Stephen Hunt_
Stephen G. Hunt

SGH:su
Enclosure - Notice of Substitute Trustee's Sale

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § **KNOW ALL PERSONS BY THESE PRESENTS** |
| **COUNTY OF HARRIS** | § |

WHEREAS, on March 16, 2006, NORTHPARK OFFICE TOWER, LP, a Texas limited partnership, as grantor, executed a Deed of Trust to Paul W. Long, Trustee, for the benefit of SECURITY NATIONAL LIFE INSURANCE COMPANY, covering 3.4087 acres in Harris County, Texas described by metes and bounds in Exhibit "A" attached hereto (the "Property"). The Deed of Trust was recorded under Harris County Clerk's File No. Z169918 and/or Film Code No. 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, in the Official Public Records of Real Property of Harris County, Texas. The Deed of Trust was executed for the purpose of securing the payment of a certain indebtedness, more particularly described in the Deed of Trust, and specifically a Promissory Note dated March 16, 2006 executed by Northpark Office Tower, LP, as maker, and payable to Security National Life Insurance Company;

WHEREAS, ERPILE, LLC (the "Beneficiary") is the present owner and holder of the Deed of Trust, Promissory Note and the indebtedness described in and secured by the Deed of Trust;

WHEREAS, reference is made to the Deed of Trust recorded under Harris County Clerk's File No. Z169918 in the Official Public Records of Real Property of Harris County, Texas, for all purposes as if fully set forth herein;

WHEREAS, pursuant to the requirements of the Deed of Trust and/or the laws of the State of Texas, written notice was sent by certified mail, return receipt requested, stating that a default existed in the payment of that certain indebtedness secured by the Deed of Trust, and that defaults existed under the Deed of Trust; and

WHEREAS, after default in the payment of the indebtedness described in the Deed of Trust, Beneficiary has requested that the Deed of Trust be enforced in accordance with the terms and provisions thereof.

NOW, THEREFORE, NOTICE IS GIVEN that I, the undersigned Substitute Trustee, will sell at public sale to the highest bidder for cash, at the area of the Harris County Courthouse, Family Law Center, 1115 Congress Avenue, in the City of Houston, Harris

County, Texas, as designated by the Harris County Commissioners Court at 10:00 a.m. or not later than three (3) hours after that time on Tuesday, December 1, 2009, the Property and the personal property located on, arising out of or connected directly or indirectly, with the real estate.

The sale will be made subject to all matters which are prior to the Deed of Trust, which affect title thereto, and which are a superior interest in and to the above-described Property.

Prior to the foreclosure sale, Beneficiary may appoint another person as Substitute Trustee to conduct the sale. Since the terms of the sale will be for cash, on the day of sale, those desiring to purchase the Property will need to demonstrate their ability to pay cash.

The Deed of Trust permits Beneficiary to postpone, withdraw or reschedule the sale for another day. In such case, I need not appear at the date, time and place of the scheduled sale to announce the postponement, withdrawal or rescheduling. Notice of the date of any rescheduled foreclosure sale will be re-posted and re-filed in accordance with the posting and filing requirements of the Texas Property Code. Such re-posting or re-filing may be after the date originally scheduled for this sale.

WITNESS MY HAND this 9th day of November, 2009.

*Stephen Hunt*
Stephen G. Hunt, Substitute Trustee

Exhibit 'A'
METES and BOUNDS DESCRIPTION

Of 3.4087 Acres or 148,480 Square Feet of land being the remainder of that certain 4.2849 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to INTERVEST-HOUSTON NLW, LTD. by a deed dated November 7, 1997 and recorded under Clerk's File No. S726024, of the Deed Records of Harris County, Texas (H.C.D.R.), being out of NORTH SHEPHERD TERRACE APARTMENTS, SECTION TWO, according to the map or plat thereof recorded in Volume 44, Page 42, of the Map Records of Harris County, Texas (H.C.M.R.), lying in the W. P. MORTON Survey, Abstract 539, in Houston, Harris County, Texas, said 3.4087 Acre tract is more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" inch iron pipe found at the Northwest Corner of said 4.2849 Acre Tract of land, the Northeast corner of that certain 3.5025 Acre Tract of land conveyed from OAK FOREST BANK BUILDING CORP. to OAK FOREST BANK by a deed dated April 10, 1980 and recorded under Clerk's File No. G566806, H.C.D.R., same being the South Right-of-Way of NORTH LOOP WEST-IH 610 (a Variable Right-of-Way);

THENCE South 89 deg. 49 min. 14 sec. East, along the South Right-of-Way of said NORTH LOOP WEST-IH 610, same being the North line of said 4.2849 Acre Tract of land, a distance of 42.53 feet to a Mag. Nail set at a point for corner;

THENCE South 00 deg. 39 min. 28 sec. West, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 110.62 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 33.24 feet along the arc of a curve to the left, said curve having a radius of 29.93 feet, a central angle of 63 deg. 38 min. 07 sec., a chord which bears South 33 deg. 16 min. 23 sec. East, and a chord distance 31.55 feet to a 5/8 inch iron rod set at a point for corner;

THENCE South 69 deg. 00 min. 41 sec. East, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 140.48 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 26.50 feet along the arc of a curve to the right, said curve having a radius of 111.04 feet, a central angle of 13 deg. 40 min. 21 sec., a chord which bears South 61 deg. 48 min. 45 sec. East, and a chord distance 26.44 feet to a Mag. Nail set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 31.94 feet, along the arc of a curve to the right, said curve having a radius of 82.09 feet, a central angle of 22 deg. 17 min. 39 sec., a chord which bears South 44 deg. 50 min. 57 sec. East, and a chord distance 31.74 feet to a 5/8 inch iron rod set at a point for corner;

THENCE South 29 deg. 16 min. 06 sec. East, along the Southwest line of a 0.8757 Acre Tract of land, a distance of 35.00 feet to a 5/8 inch iron rod set at a point for corner;

THENCE Southeasterly, along the Southwest line of a 3.4087 Acre Tract of land, a distance of 7.34 feet along the arc of a curve to the left, said curve having a radius of 8.28 feet, a central angle of 50 deg. 47 min. 43 sec., a chord which bears South 51 deg. 49 min. 56 sec. East, and a chord distance 7.10 feet to a Mag. Nail set at a point for corner;

THENCE Easterly, along the North line of said 4.2849 Acre Tract of land, same being the West line of that certain 3.3843 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to 610 LOOP NO. 2, L.P. by a deed dated March 20, 2000 and recorded under Clerk's File No. U286014, H.C.D.R., a distance of 26.71 feet along the arc of a curve to the left, said curve having a radius of 30.00 feet, a central angle of 51 deg. 01 min. 11 sec., a chord which bears North 89 deg. 13 min. 36 sec. East, and a chord distance 25.84 feet to a 5/8 inch iron rod found at a point for corner;

THENCE South 35 deg. 33 min. 41 sec. East, along the Northeast line of said 4.2849 Acre Tract of land, same being the Southwest line of said 3.3843 Acre Tract of land, a distance of 31.34 feet to a 5/8 inch iron rod found at a point for corner;

THENCE Southwesterly, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 41.35 feet along the arc of a curve to the left, said curve having a radius of 90.00 feet, a central angle of 26 deg. 19 min. 34 sec., a chord which bears South 50 deg. 07 min. 39 sec. West, and a chord distance 40.99 feet to a 5/8 inch iron rod found at a point for corner;

THENCE Southwesterly, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 50.73 feet along the arc of a curve to the left, said curve having a radius of 132.00 feet, a central angle of 22 deg. 01 min. 14 sec., a chord which bears South 26 deg. 53 min. 35 sec. West, and a chord distance 50.42 feet to a 5/8 inch iron rod found at a point for corner;

THENCE South 14 deg. 47 min. 51 sec. West, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 32.84 feet to a point for corner, from which a 5/8 inch iron rod was found West, 0.14 feet;

THENCE South 00 deg. 24 min. 45 sec. West, along the East line of said 4.2849 Acre Tract of land, same being the West line of said 3.3843 Acre Tract of land, a distance of 130.08 feet to a point for corner, from which a 5/8 inch iron rod was found North 0.64 feet, and East, 0.10 feet;

THENCE South 90 deg. 00 min. 00 sec. West, along the South line of said 4.2849 Acre Tract of land, said NORTH SHEPHERD TERRACE APARTMENTS, SECTION TWO, said W. P. MORTON Survey, same being the North line of the REINERMAN Survey, Abstract 644, and SHADYACRES SECTION II, according to the map or plat thereof recorded in Volume 7, Page 23, H.C.M.R., a distance of 643.34 (Called 643.62) feet to a point for corner, from which a 5/8 inch iron rod was found West, 0.50 feet;

THENCE North 00 deg. 32 min. 00 sec. East, along the East line of said 4.2849 Acre Tract of land, same being the West line of the remainder of that certain 3.4021 Acre Tract of land conveyed from I.B.E.W. LOCAL UNION 716 PENSION TRUST to INTERVEST-HOUSTON NLW, LTD. by a deed dated November 7, 1997 and recorded under Clerk's File No. S726021, H.C.D.R., a distance of 33.50 feet to a point for corner, from which a "X" in concrete was found North, 0.36 feet, and West, 0.58 feet;

THENCE North 90 deg. 00 min. 00 sec. East, along the most Southerly North line of said 4.2849 Acre Tract of land, same being the most Southerly South line of said 3.5025 Acre Tract of land, a distance of 165.78 feet to a point for corner, from which a "X" in concrete was found North, 0.18 feet, and West, 0.42 feet;

THENCE North 00 deg. 25 min. 40 sec. East (Called North 00 deg. 32 min. 00 sec. East), along the West line of said 4.2849 Acre Tract of land, same being the East line of said 3.5025 Acre Tract of land, a distance of 173.23 (Called 173.09) feet to a 1 inch iron pipe found at a point for corner, from which a 1/2 inch iron rod was found North, 0.16 feet, and East, 0.13 feet;

THENCE South 89 deg. 26 min. 41 sec. East (Called South 89 deg. 28 min. 00 sec. East), along the North line of said 4.2849 Acre Tract of land, same being the most Northerly South line of said 3.5025 Acre Tract of land, a distance of 234.19 feet to a 1 inch iron pipe found at a point for corner;

THENCE North 00 deg. 35 min. 09 sec. East (Called North 00 deg. 32 min. 00 sec. East), along the West line of said 4.2849 Acre Tract of land, same being the East line of said 3.5025 Acre Tract of land, a distance of 311.13 feet to the POINT OF BEGINNING, containing within these calls 3.4087 Acres or 148,480 Square Feet of land as depicted by a plat prepared by Donald K. Hall, R.P.L.S. No. 4070 dated March 8, 2006.

NOTE: The Company does not represent that the above acreage or square footage calculations are correct