IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| NORTHPARK OFFICE TOWER, L.P. § | CASE NO. 09-39205 |
| Alleged Debtor § | (CHAPTER 11 Involuntary) |

### KEVIN ORTON'S RESPONSES AND ANSWER TO MOTION FOR PETITIONER BOND AND SANCTIONS AND REQUEST FOR EXPEDITED HEARING
### DUNN, NEAL & GERGER LLP'S RESPONSE AND ANSWER TO MOTION FOR SANCTIONS AGAINST ATTORNEYS

TO THE HONORABLE JUDGE OF SAID COURT:

Kevin Orton, hereafter "Orton", represents:

### PETITIONER'S RESPONSE

1. In spite of the allegations made by the Alleged Debtor, Orton is not in bad faith in filing this case.

2. Kevin Orton purchased the Northpark Office Tower through a limited partnership that he owned and controlled at that time known as Northpark Office Tower L.P. ("Northpark") in 2006. The purchase price was approximately $8,700,000.00. The cash down payment was approximately $4,700,000.00. The remainder of the purchase price was evidenced by a note. The Northpark Office Tower is a valuable property with substantial equity. This property is listed with a value of over $6,000,000.00 by the Harris County Appraisal District.

3. According to the secured lender, there is approximately $2,500,000.00 owed, leaving substantial equity; sufficient to satisfy all claims and pay the limited partners something.

4. In November of 2008, Orton entered into a transaction that resulted in Orton becoming a 50 percent limited partner of Northpark. Since the purchase of the North Park Tower, Orton has been a personal guarantor of the loan from Security National Life Insurance Company (later transferred/assigned to ERPILE, LLC) to Northpark that is in default and that has been matured and/or accelerated. Therefore, with the maturity/acceleration of the promissory note, Orton, by virtue of his guaranty, is a creditor of Northpark. In *In Re Gills Creek Parkway Associates, L.P.* 194 B.R. 59 (D. S.C. 1995), citing with approval *In Re All Media Properties, Inc.* 5 BR 126, 133 (Bankr. S.D. Tex. 1980).

5. Northpark is not protecting the equity in its property for the benefit of its creditors and Orton. A bankruptcy case is the only way for creditors to ensure that they are paid the amounts due before equity is allowed to be realized. In its Motion, Northpark seeks sanctions and a bond. A sanctions award is premature until a determination is made over whether this case will survive. For example, other creditors should be given an opportunity to join in this petition. Some creditors have been approached. Furthermore, there is no evidence attached to the motion for a bond to support any measure of damages. Therefore, before any award of this type can be calculated for a bond, evidence must be presented and none has been.

6. In its Motion, Northgate makes numerous unsubstantiated allegations against Orton relating to previous litigation history. Jetall took over management of the Northpark office building after Thanksgiving in November of 2008. In January of 2009, Mr. Orton filed a bankruptcy petition on behalf of Northpark. At the February 5, 2009 hearing on dismissing the January Northpark bankruptcy case, Orton took the position

that he was, or should be, in control of the limited partnership because certain transactions and agreements relating to the establishment of a new general partner of Northpark had not been signed by all parties in their required capacities. This Court, after considering the evidence, testimony and argument, dismissed the bankruptcy petition. Nevertheless, contrary to Movant's assertions, Mr. Orton was not found to have acted in bad faith.

7. Mr. Orton then sought a temporary restraining order from State District Court because he was not kept informed as to the status of whether a foreclosure would take place. Mr. Orton was told that some negotiations were ongoing concerning debt payment and saving the property; however, he received no communication that a foreclosure was not going to occur. He waited to the last minute and urged Northpark to protect the equity in the property and Northpark did not respond. As of the TRO hearing date, no agreement between Northpark and ERPILE had been reached. Upon information and belief, no agreement was reached or set forth in writing. (Orton asked for such an agreement in discovery from the secured lender, ERPILE, LLC, and none was been produced. It is important that such an agreement be in writing because it is not enforceable unless it is written.)

8. There is a demonstrable need for this Court to oversee this Debtor to ensure that Northpark is managed in such a way so as to maximize its value for the benefit of its creditors and limited partners, including Orton. Northpark and Orton are bound by a Memorandum of Understanding ("MOU"). Since the first bankruptcy case was dismissed, Orton has complied with the MOU and Northpark has not. Under paragraph 1 (a) of the MOU, Jetall, the new management company, will invest monies to

pay taxes and it has not. In fact, on October 2, 2009, Harris County filed a lawsuit against Northpark over these taxes because they are not paid; being case no. 2009-62776 in Harris County District Court. Under the MOU, Northpark is to pay/address mechanics liens up to $400,000.00. Upon information and belief, it has not. Mr. Choudhri testified that he would pay such liens, but many remain unpaid. Still further, Northpark has, apparently, wrongfully, evicted at least one tenant, Automated Health Management, as evidenced by its lawsuit filed on August 11, 2009 against Northpark (Case No. 2009-51146 in the Harris County, Texas). Northpark has not submitted the required reports to Orton, thereby keeping Orton in the dark concerning, at a minimum, profits, losses, occupancy, and rents. If fact, Orton has not received his K-1 for 2008 making it impossible for him to file his federal income tax return for that year.

9. In its Motion, Northpark also seeks an award of sanctions against Dunn, Neal & Gerger, LLP. Northpark's Motion is unfounded. On December 1, 2009, prior to filing this case, Alan Gerger spoke to the trustee conducting the foreclosure for ERPILE, LLC who did not advise that the foreclosure was not going to proceed. In fact, had Mr. Hunt told Mr. Gerger that a foreclosure was not being conducted, the involuntary petition would not have been filed. Furthermore, Dunn, Neal & Gerger reviewed the Court's file in connection with the dismissed bankruptcy case and spoke to Orton's previous counsel, Tom Graves and Calvin Braun. Counsel also interviewed the client, Orton. Under the Court's amended order dismissing the first bankruptcy case, there is no prohibition against commencing an involuntary bankruptcy case by any person, much less Kevin Orton. Dunn, Neal & Gerger's conduct does not warrant sanctions.

10. For the forgoing reasons, Northpark's Motion for a Bond and for Sanctions should be denied.

## ANSWER

11. Orton admits the averments in paragraph 1 of the Motion.

12. Orton denies the averments in paragraph 2 of the Motion.

13. Orton admits that circumstances may exist in which he may be a petitioning creditor but the holder of a claim that may not be counted as a creditor; therefore he denies the averments in the first and last sentences of paragraph 3 of the Motion. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 3. Orton denies that Exhibit 1 was attached.

14. Orton denies the averments contained in paragraph 4 of the Motion. Orton acted through counsel in the previous case and, at the hearing in the January 2009 case, was represented by three counsel who argued that Jetall had not yet become a partner and that the agreement contemplated by the MOU was not fully consummated. The Court considered the argument of counsel, the evidence presented and the testimony and dismissed the bankruptcy case. There was no finding of bad faith.

15. No Exhibits were attached to the Motion when it was filed; however, on December 9, 2009, exhibits were filed. Therefore, Orton denies the averments contained in paragraph 5 of the Motion.

16. Orton denies the averments contained in paragraph 6 of the Motion.

17. Orton denies that the averments made in paragraph 7 of the Motion except that he admits that he sought a temporary restraining order in State District Court, Harris

County, Texas, that the hearing was set for the day before foreclosure, and that he was asked to leave the courtroom and the hearing was suspended.

18. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 8, 9, 10, 11, 12, and 13 of the Motion. No evidence is attached to the Motion supporting these averments. Furthermore, Orton is not aware of any documents that he must provide to permit a refinancing of the Note to take place and, therefore, denies the averments made in paragraph 13 of the Motion.

19. Orton denies the averments contained in paragraph 14 of the Motion but admits that he acted in January of 2009. Orton acted through counsel in the previous case and, at the hearing in the January 2009 case, was represented by three counsel. At that hearing, the Court dismissed the petition; however, there was no finding of bad faith. The original order dismissed the case, with prejudice; however, the amended order removed this restriction that was originally ordered.

20. Orton denies the averments contained in paragraph 15 of the Motion.

21. Orton admits the averments contained in paragraph 16 of the Motion; however he denies that he was "thrown out of the court".

22. Orton admits that he commenced this involuntary case; however, he denies his actions constitute bad faith and that he is not a creditor. Furthermore, Orton is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 17 of the Motion. Orton denies the averments contained in the last sentence of paragraph 17 of the Motion.

23. Orton admits the averments contained in paragraph 18 of the Motion, but denies that a bond should be required.

24. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 19, 20, 21, 22, and 23 of the Motion. Orton denies that any legal or factual basis exists for this Court to require Orton to post a bond in the amount of $380,000.00 or in any other amount.

25. Orton and Dunn, Neal & Gerger LLP deny the averments contained in paragraph 24 of the Motion.

WHEREFORE, Orton and Dunn, Neal & Gerger LLP prays that the Court deny the Alleged Debtor's Motion for Petitioner Bond and Sanctions and grant them such other and further relief, in law and in equity, as is just.

Respectfully submitted,

By: /s/ Alan Gerger
Alan Gerger
State bar No. 07816350
Dunn, Neal & Gerger L.L.P.
3050 Post Oak Blvd., Suite 400
Houston, Texas 77056
(713) 403-7400 Phone
(713) 960-0204 Fax

ATTORNEYS FOR KEVIN ORTON

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the party shown below by facsimile on **December 28, 2009:**

Richard E. Wakefield
2500 West Loop South, Suite 255
Houston, Texas 77027

By: /s/ Alan S. Gerger