IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NORTHPARK OFFICE TOWER, L.P. | § | CASE NO. 09-39205 |
|     Alleged Debtor | § | (CHAPTER 11 Involuntary) |

KEVIN ORTON'S RESPONSE TO
ERPILE, LLC'S EXPEDITED MOTION FOR RELIEF FROM THE STAY
REGARDING NON-EXEMPT PROPERTY AND ANSWER

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Kevin Orton ("Orton") represents:

RESPONSE TO MOTION

1. In 2006, Kevin Orton purchased the Northpark Office Tower through a limited partnership that he owned and controlled at that time known as Northpark Office Tower L.P. ("Northpark"). The purchase price was approximately $8,700,000.00. The cash down payment was approximately $4,700,000.00. The remainder of the purchase price was evidenced by a note. The Northpark Office Tower is a valuable property with substantial equity. This property is listed with a value of over $6,000,000.00 by the Harris County Appraisal District.

2. According to the secured lender, there is approximately $2,500,000.00 owed, leaving substantial equity; sufficient to satisfy all claims and pay the limited partners something. ERPILE, LLC is adequately protected by the equity cushion.

3. In November of 2008, Orton entered into a transaction that resulted in Orton becoming a 50 percent limited partner of Northpark. Since the purchase of the North Park Tower, Orton has been a personal guarantor of the loan from Security

National Life Insurance Company (later transferred/assigned to ERPILE, LLC) to Northpark that is in default and that has been matured and/or accelerated.

4. A bankruptcy case with the protections afforded by the automatic stay is the only way to ensure that creditors are paid what they are owed before equity is allowed to be realized.

5. Jetall took over management of the Northpark office building after Thanksgiving in November of 2008. Since that time, Mr. Orton has not been provided the documents he has requested and demanded from Northpark and its managers. In fact, upon information and belief, a federal income tax return for the Northpark entity has not been filed because Orton has not received his K-1 for 2008.

6. There is a demonstrable need for this Court to oversee this Debtor's property and claims against the Debtor to ensure that Northpark is managed in such a way so as to maximize its value for the benefit of its creditors and limited partners, including Orton. Under paragraph 1(a) of the Memorandum of Understanding concerning this property (the "MOU"), Jetall, the new management company, was to invest monies to pay taxes and it has not. In fact, on October 2, 2009, Harris County filed a lawsuit against Northpark over these taxes because they are not paid; being case no. 2009-62776 in Harris County District Court. Under the MOU, Northpark is to pay/address mechanics liens up to $400,000.00. Upon information and belief, it has not. Mr. Choudhri testified that he would pay such liens, but many remain unpaid. Still further, Northpark has, apparently, wrongfully, evicted/locked out at least one tenant, Automated Health Management, as evidenced by its lawsuit filed on August 11, 2009 against Northpark (Case No. 2009-51146 in the Harris County, Texas).

7. Kevin Orton ("Orton") does not hold an ownership interest in the real property that is the subject matter of ERPILE' LLC's *Expedited Motion for Relief from the Stay Regarding Non-Exempt Property* (the "Motion"). The property is commonly known as 1415 North Loop West, Houston, Texas 77008 (the "Collateral"). However, Kevin Orton holds a 50% limited partnership interest in the Alleged Debtor which is the owner of the Collateral.

8. Orton objects to relief from the stay as Movant did not comply with Local Bankruptcy Rule 4001 (a) (3).

9. Movant failed to serve the Motion on all parties with an interest in the Collateral in violation of Local Bankruptcy Rule 4001(a) (4).

10. Movant failed to provide documents with the Motion evidencing the debt, lien perfection, and payment history of the debt in violation of Local Bankruptcy Rule 4001(a) (6).

11. Additionally, relief from the automatic stay would be premature at this time as the initial Section 341 meeting has not been held, schedules have not been filed and the involuntary petition should run its course before relief in this motion should be granted.

## ANSWER TO MOTION

12. Orton admits the averments contained in paragraph 1 of the Motion.

13. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Motion. Movant has not attached any evidence to the Motion that indicates that it or is acting on behalf of any entity.

14. Orton admits the averments contained in paragraphs and 4 of the Motion.

15. Orton admits the averments contained in paragraphs and 5 of the Motion.

16. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Motion.

17. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Motion.

18. Orton admits the averments in paragraph 8 of the Motion that paragraph 6 minus paragraph 7 equals $985,000.00; however, he believes that the value of the property is greater than $3,500,000.00.

19. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Motion.

20. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Motion.

21. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Motion; however, Orton is aware that a tax suit has been filed concerning the property that is the subject matter of this Motion.

22. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Motion.

23. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Motion.

24. Orton denies the averments contained in paragraph 14 of the Motion because he is a guarantor and, therefore, a co-debtor.

25. Paragraph 15 is a prayer for relief. However, to the extent averments are made, they are denied.

26. Orton admits that its counsel received a voice mail from ERPILE's counsel. It is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 16 of the Motion.

WHEREFORE, Kevin Orton prays that the Motion be denied and that the Court grant Mr. Orton such other and further relief, in law and in equity, as is just.

Respectfully submitted,

By: /s/ Alan Gerger
Alan Gerger
State Bar No. 07816350
Christina L. Garcia
State Bar No. 24055522
Dunn, Neal & Gerger L.L.P.
3050 Post Oak Blvd., Suite 400
Houston, Texas 77056
(713) 403-7400 Phone
(713) 960-0204 Fax

ATTORNEYS FOR KEVIN ORTON

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to confer with counsel for the Movant, Stephen Hunt, on Tuesday, December 29, 2009 at 9:30 a.m. I called the phone number listed in the signature block of Movant's Expedited Motion for Relief from the Stay Regarding Non-Exempt Property. Mr. Hunt was not available. I left a message stating my name, phone number and relation to Kevin Orton. I asked that Mr. Hunt return my call to discuss ERPILE's motion for relief and Mr. Orton's objections thereto. As of the filing of this Response, Mr. Hunt has not responded.

BY: /s/ Christina L. Garcia
Christina L. Garcia

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing was served on the parties shown below either electronically by the Clerk of the Court, by fax transmission or by first class mail, postage prepaid on **December 30, 2009.**

Stephen G. Hunt
Bond, Hunt, French & Company, PLLC
550 Westcott, Suite 350
Houston, Texas 77007
      Via Telecopy: (713) 355-4809

By: /s/ Alan S. Gerger
      Alan S. Gerger