IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| NORTHPARK OFFICE TOWER, L.P. § | CASE NO. 09-39205 |
|    Alleged Debtor § | (CHAPTER 11 Involuntary) |

### KEVIN ORTON'S RESPONSES AND ANSWER TO MOTION TO DISMISS AND FOR JUDGMENT AND EXPEDITED REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Kevin Orton, hereafter "Orton", represents:

### PETITIONER'S RESPONSE

1. In spite of the allegations made by the Alleged Debtor, Orton is not in bad faith in filing this case.

2. Kevin Orton purchased the Northpark Office Tower through a limited partnership that he owned and controlled at that time known as Northpark Office Tower L.P. ("Northpark") in 2006. The purchase price was approximately $8,700,000.00. The cash down payment was approximately $4,700,000.00. The remainder of the purchase price was evidenced by a note. The Northpark Office Tower is a valuable property with substantial equity. This property is listed with a value of over $6,000,000.00 by the Harris County Appraisal District.

3. According to the secured lender, there is approximately $2,500,000.00 owed, leaving substantial equity; sufficient to satisfy all claims and pay the limited partners something.

4. In November of 2008, Orton entered into a transaction that resulted in Orton becoming a 50 percent limited partner of Northpark. Since the purchase of the

North Park Tower, Orton has been a personal guarantor of the loan from Security National Life Insurance Company (later transferred/assigned to ERPILE, LLC) to Northpark that is in default and that has been matured and/or accelerated. Therefore, with the maturity/acceleration of the promissory note, Orton, by virtue of his guaranty, is a creditor of Northpark. In *In Re Gills Creek Parkway Associates, L.P.* 194 B.R. 59 (D. S.C. 1995), citing with approval *In Re All Media Properties, Inc.* 5 BR 126, 133 (Bankr. S.D. Tex. 1980). Orton has filed a motion for authority to amend his involuntary petition to include claims other than his claim as a guarantor.

5.   Northpark is not protecting the equity in its property for the benefit of its creditors and Orton. Even the secured lender, ERPILE LLC, admits that there is significant equity in the property. A bankruptcy case is the only way for creditors to ensure that they are paid the amounts due before equity is allowed to be realized. In its Motion, Northpark seeks sanctions. A sanctions award is premature until a determination is made over whether this case will survive. For example, other creditors should be given an opportunity to join in this petition. At least one, Hermes Construction has filed a motion to join in this involuntary case.

6. In its Motion, Northpark makes numerous unsubstantiated allegations against Orton relating to previous litigation history. Jetall took over management of the Northpark office building after Thanksgiving in November of 2008. In January of 2009, Mr. Orton filed a bankruptcy petition on behalf of Northpark. At the February 5, 2009 hearing on dismissing the January Northpark bankruptcy case, Orton took the position that he was, or should be, in control of the limited partnership because certain transactions and agreements relating to the establishment of a new general partner of

Northpark had not been signed by all parties in their required capacities. This Court disagreed with this legal argument, and dismissed the bankruptcy petition. Nevertheless, contrary to Movant's assertions, Mr. Orton was not found to have acted in bad faith.

7. Mr. Orton then sought a temporary restraining order from State District Court because he was not kept informed as to the status of whether a foreclosure would take place. Mr. Orton was told that some negotiations were ongoing concerning debt payment and saving the property; however, he received no communication that a foreclosure was not going to occur. He waited to the last minute and urged Northpark to protect the equity in the property and Northpark did not respond. As of the TRO hearing date, no agreement between Northpark and ERPILE had been reached. Upon information and belief, no agreement was reached or set forth in writing. (Orton asked for such an agreement in discovery from the secured lender, ERPILE, LLC, and none was been produced. It is important that such an agreement be in writing because it is not enforceable unless it is written.)

8. There is a demonstrable need for this Court to oversee this Debtor to ensure that Northpark is managed in such a way so as to maximize its value for the benefit of its creditors and limited partners, including Orton. Northpark and Orton are bound by a Memorandum of Understanding ("MOU"). Since the first bankruptcy case was dismissed, Orton has complied with the MOU and Northpark has not. Under paragraph 1 (a) of the MOU, Jetall, the new management company, will invest monies to pay taxes and it has not. In fact, on October 2, 2009, Harris County filed a lawsuit against Northpark over these taxes because they are not; being case no. 2009-62776 in Harris County District Court. Under the MOU, Northpark is to pay/address mechanics

liens up to $400,000.00. Upon information and belief, it has not. Mr. Choudhri testified that he would pay such liens, but many remain unpaid. Still further, Northpark has, apparently, wrongfully, evicted/locked out at least one tenant, Automated Health Management, as evidenced by its lawsuit filed on August 11, 2009 against Northpark (Case No. 2009-51146 in the Harris County, Texas).

9. There is significant equity in the Northpark property. For example, the secured lender asserts that there is equity of, at least, $900,000.00. Evidence in the form of affidavit testimony is that the Northpark property, even if empty, has a fair market value of $6,000,000.00. Upon information and belief, a balance sheet test will show that the Northpark entity is solvent.

10. For the forgoing reasons, Northgate's Motion to Dismiss should be denied.

## ANSWER

11. Orton admits the averments in paragraph 1 of the Motion.

12. Orton admits the averments in paragraph 2 of the Motion.

13. Orton denies the averments contained in paragraph 3 of the Motion. Orton filed a motion to amend his involuntary petition to assert claims for advances he made on behalf of the Alleged Debtor.

14. Orton admits, as averred in paragraph 4 of the Motion, that the claim of a guarantor may be considered in the numerosity requirement of 11 USC §303, subject to certain limitations concerning insider claims. However, Orton is without knowledge or information sufficient to form a belief as to the truth of the remaining averments made in paragraph 4 of the Motion.

15. As alleged in paragraph 5 of the Motion, Orton admits that this Court has discretion in awarding costs and attorney fees under 11 USC §303(i)(1); however, Orton denies that such an award is appropriate under the entirety of the circumstances of this case.

16. As alleged in paragraph 6 of the Motion, Orton admits that Northpark seeks an award of proximate damages and punitive damages and that the bankruptcy code allows such an award, but denies that such an award is appropriate under the entirety of the circumstances of this case.

17. With respect to paragraph 7, Orton denies that he acted in bad faith (there is no finding of bad faith), denies the remaining averments contained therein but admits that in January of 2009, he signed a voluntary petition being case no. 09-30600.

18. Orton admits the averments contained in paragraph 8 of the Motion.

19. Orton denies the averments contained in paragraph 9 of the Motion.

20. With respect to paragraph 10 of the Motion, Orton denies that he has acted in bad faith and that he acted "entirely in an effort to prevent foreclosure on the property by ERPILE LLC . . ." Orton admits that his behavior caused him to be absent from the hearing at the request of the judge; however, Orton was not fully aware of the requests being made of him, of the communications made to him concerning remaining outside the Courtroom, the relevant procedures involved and the consequences of his actions at that hearing and, therefore, denies the averments made in paragraph 10 of the Motion.

21. Orton denies the averments contained in paragraph 11 of the Motion, but admits that the order attached as exhibit 3 was entered by the Court.

22. Orton denies the averments contained in paragraph 12 of the Motion. In fact, it is Northpark through those in control of it who has failed to abide by the terms of the Memorandum of Understanding.

23. Orton denies the averments contained in paragraph 13 of the Motion, except that he admits that he filed a motion for a temporary restraining order on November 25, 2009.

24. Orton denies the averments contained in paragraph 14 of the Motion, except that he admits that he filed the involuntary petition.

25. Orton denies the averments contained in paragraph 15 of the Motion.

26. Orton denies the averments contained in paragraph 16 of the Motion; however Orton admits that the court, in its discretion, may award proximate and punitive damages under the entirety of the circumstances involved.

27. Orton denies the averments contained in paragraph 17 of the Motion; however, Orton is not required to admit or deny the characterization of the rulings made in the cited case.

28. To the extent the averments made in paragraph 18 of the Motion correctly state six tests for determining bad faith, they are admitted; otherwise, all averments are denied.

29. Orton disagrees with the characterizations of the cases cited by Northpark in paragraph 19 of the Motion, therefore the averments are denied.

30. Orton denies the averments contained in paragraph 20 of the Motion and Orton is without knowledge or information sufficient to form a belief as to the truth of the averments that Northpark was negotiating with ERPILE LLC.

31. With respect to paragraph 21 of the Motion, Orton admits that he told Northpark that one way to avoid foreclosure was to have Northpark file bankruptcy and that he sent e-mails to Northpark; however, Orton denies the remaining averments contained in paragraph 21.

32. Orton denies that he has acted in bad faith and that the sole purpose of this action is to stave off a foreclosure. However, he admits that he sent letters to Northpark and that Northpark did not give Orton the authority to file a bankruptcy case on behalf of or for Northpark after November 25, 2009.

33. With regard to paragraph 23 of the Motion, in the transcript attached to the Motion, counsel for Northpark states that there is a typographical error in Orton's request for a temporary restraining order. Now, Northpark's counsel (one and the same) alleges that there is a misrepresentation as opposed to a typographical error. However, in fact, Northpark was named as a "nominal party" rather than a "complete" party. Therefore, Orton admits that he filed for a temporary restraining order on or about November 25, 2009, but denies the remaining averments contained in paragraph 23 of the Motion. If the quotation from the transcript is correct, then Orton admits that it is from the transcript. Furthermore, Orton relied on his counsel in the restraining order matter to give the appropriate notices concerning that matter and, therefore, is without knowledge or information sufficient to form a belief as to whether Northpark had knowledge of Orton seeking a restraining order.

34. Orton admits that the averments contained in the first and second sentences of paragraph 24 of the Motion. Orton denies the averments contained in the

third sentence of paragraph 24 of the Motion and denies the averments contained in the incomplete sentence that is the fourth sentence in paragraph 24 of the Motion.

35. Orton denies the averments contained in paragraph 25 of the Motion because, in part, he does not understand what Northpark means when it uses the word "criteria".

36. Orton denies the averments contained in paragraphs 26 through 31 of the Motion.

37. Orton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 32 through 39 of the Motion.

## AFFIRMATIVE DEFENSE

39. There is equity in the property that is owned by Northpark. The equity is sufficient to satisfy all claims of creditors and pay something to the owners. This equity can be used to pay all unsecured creditors and the creditors whose claims are secured by the Northpark property. With there being significant equity in the property, a bad faith filing cannot be found.

WHEREFORE, Orton prays that the Court deny the Alleged Debtor's Motion to Dismiss and grant Orton such other and further relief, in law and in equity, as is just.

Respectfully submitted,

By: /s/ Alan Gerger
Alan Gerger
State bar No. 07816350
Dunn, Neal & Gerger L.L.P.
3050 Post Oak Blvd., Suite 400
Houston, Texas 77056
(713) 403-7400 Phone
(713) 960-0204 Fax

ATTORNEYS FOR KEVIN ORTON

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the party shown below by facsimile on January 4, 2010:

Richard E. Wakefield
2500 West Loop South, Suite 255
Houston, Texas 77027

By: _____
Alan S. Gerger