IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NORTHPARK OFFICE TOWER, L.P. | § | CASE NO. 09-39205 |
|    Alleged Debtor | § | (CHAPTER 11 Involuntary) |

## MEMORANDUM OF AUTHORITIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kevin Orton ("Orton") with this Memorandum of Authorities relevant to the Motion to Dismiss and for Judgment (Docket Entry No. 13) filed by Northpark Office Tower, L.P. ("Northpark") wherein Northpark alleges that Kevin Orton filed this involuntary petition in bad faith. To support its argument Northpark cites *In re Mi La Sul*, 380 B.R. 546, 554 (Bankr. C.D. Cal. 2007) and *In re Stern*, 268 B.R. 390 (Bankr. S.D. N.Y. 2001), stating that the Court dismissed both petitions for bad faith after "finding that the petitioning creditors acted solely for the purpose of obtaining an automatic stay to stop a pending foreclosure in hopes of obtaining the property subject to foreclosure by pressuring the foreclosing creditor into accepting a lower payoff."

Unlike the petitioning creditors in *In re Mi La Sul* and *In re Stern*, Mr. Orton did not file the involuntary petition with the intention of obtaining a "disproportionate advantage," rather he did so to maximize Northpark's value for the benefit of all of its creditors and all of its limited partners. *See In re Mi La Sul*, 380 B.R. 546 and *In re Stern*, 268 B.R. 390. Additionally, the facts in the current matter can be distinguished from the cited cases as the property subject to foreclosure in each of the cited cases had no equity, unlike Northpark Office Towers in which there is significant equity.

The following is a summary of the case law involving bad faith filings. These cases hold that whether an involuntary petition is filed in bad faith requires a fact specific determination.

1. **_In re Mi La Sul_, 380 B.R. 546 (Bankr. C.D. Cal. 2007)**

a. In this matter, the Court stated that there is no single test for determining whether an involuntary petition should be dismissed as having been filed in bad faith; rather a bad faith inquiry depends on the facts of each case. The Court stated that there is a presumption of good faith in the filing of involuntary petitions that can be overcome by employing a "totality of the circumstance test." The Court found that the involuntary bankruptcy petitions in this matter were filed in bad faith because the sole purpose of the filings were *to create equity in fully encumbered property*, thereby seeking to *"obtain a disproportionate advantage."*(emphasis added)

b. The Court further found that the petitioning creditor (who made loans to homeowners with fully encumbered properties facing foreclosures) also failed the "improper use test." The Court found the purpose of the bankruptcy filings was not to collect on the unsecured promissory notes or find other assets, but rather, it was to gain time so that the petitioning creditor could continue to seek a short sale of the fully encumbered property wherein an entity owned by the petitioning creditors could purchase the property without paying the full amount of the liens on the property.

c. The Court also found that the petitioning creditor failed the "objective test" of bad faith. The Court found that a reasonable person would find the multiple involuntary filings, in collusion with the alleged debtors, in an effort to take advantage of the secured lenders, with no true intention of collecting on the petitioning creditor's unsecured debt, were filed bad faith.

d. The Court found that "if the purpose of the filing really was to be paid, and there was equity in the property, an involuntary petition might be in good faith so long as the petitioning creditors moved expeditiously for an order for relief and to appoint a trustee to liquidate the property and thus realize on the equity."

2. **_In re Stern_, 268 B.R. 390 (Bankr. S.D. N.Y. 2001)**

a. The Court found that the involuntary petition filed in this matter was filed in bad faith where the petitioning creditor did not file to preserve equity in the property, but rather to harass and delay the mortgagee bank in an attempt to extract a concession. Additionally, the Court found bad faith as the petitioning creditor did not serve the alleged debtor with the involuntary petition and failed to appropriately prosecute the case.

b. However, the Court stated that "it may be proper for unsecured creditors to seek to prevent a mortgage foreclosure on the debtor's sole asset where the foreclosure sale would wipe out equity that could repay unsecured creditors."

3. **_In re Eastbourne 59/Grand Parkway, L.P._, Slip Copy, 2009 WL 3571248 (Bankr. S.D. Tex.)**

a. The Court in this matter found that the voluntary Chapter 11 petition at issue was filed in good faith. This case involved a single asset real estate debtor with no unsecured creditors, no income or business operations and no employees. The debtor owned undeveloped land, fell behind on note payments and the secured creditors posted for foreclosure. After a failed attempt to renegotiate with the secured lender, the debtor filed for Chapter 11 bankruptcy protection. The secured creditor thereafter filed a Motion to Dismiss.

b. The Court found the debtor in this matter had *substantial equity in its single asset real estate* and the risk of forfeiture of the debtor's equity demonstrated a need for financial reorganization. (emphasis added)

  c. The Court held that in determining whether a case was filed in good faith, all the particular facts and circumstances of the case should be considered. The Court cited to *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991) for the proposition that even a one asset real estate venture could invoke Chapter 11 in good faith.

> There are several instances where even a one-asset real estate venture would invoke Chapter 11 in good faith: the asset may be an operating business like a ranch or hotel; the development might be nearing the end of construction whose completion would markedly enhance the asset's value; and even a venture including undeveloped property might file to protect true owner equity when market conditions suggest the remedy of a debt restructuring as opposed to a simple liquidation and the likelihood of a prompt resale. *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991)

4.  **_Matter of Little Creek Development Co., 779 F.2d 1068 (5th Cir. (Tex.) 1986)_**

  a. The 5th Circuit found that the filing of a bankruptcy petition on the eve of a scheduled foreclosure sale is not, by itself, sufficient to constitute bad faith. citing *In re Route 202 Corp.*, 37 B.R. 367, 373 (Bankr. E. D. Pa. 1984)

  b. In this matter, the debtor preempted a foreclosure proceeding by filing a Deceptive Trade Practices Act, breach of contract and unconscionability complaint. A preliminary injunction was obtained with the posting of a bond. A second bond was required to extend the injunction. When the debtor could not pay the second bond it filed a voluntary Chapter 11 petition.

  c. The Bankruptcy Court granted relief from the automatic stay for "cause" based on debtor's counsel remarks that the petition was filed in order to escape the necessity of posting a substantial bond in an ongoing state court proceeding. The District Court affirmed, but the 5th Circuit found that there was not sufficient evidence to establish lack of good faith and therefore the judgments of the Bankruptcy Court and the District Court were reversed and the cause remanded for further proceedings.

d. The 5th Circuit stated that the facts in this matter did not rise to the level of egregiousness necessary to conclude that the reorganization process was being perverted in this case.

e. The 5th Circuit set forth a number of factors, which in various combinations, may result in a fining of lack of good faith in filing. Some of these factors are: the debtor has one asset which is encumbered by the liens of secured creditors, the debtor has no employees except the principals and there is little to no cash flow, the debtor has no available sources of income to sustain a plan or to make adequate protection payments, there are only a few unsecured creditors in the case with relatively small claims, the property has been posted for arrearages on debt or the debtor has been unsuccessful at avoiding foreclosure in state court, and the debtor has lost at the state court trial level and is unable to post an appellate bond. The Court stated that it is not proper to resort to the protection of the bankruptcy laws when there is no going concern to preserve, there are no employees to protect and there is no hope of rehabilitation. However, even though some of these elements existed in *In re Eastbourne 59/Grand Parkway, L.P.*, Slip Copy, 2009 WL 3571248 (Bankr. S.D. Tex.), the Court found the Chapter 11 petition at issue was filed in good faith.

5. **_In re Coleman_, 1999 WL 787401 (N.D. Tex. 1999)** also cites to *In re Route 202 Corp.*, 37 B.R. 367, 373 (Bankr. E. D. Pa. 1984) for the proposition that the filing a bankruptcy petition on the eve of foreclosure sale is not, by itself, sufficient to constitute bad faith. In this matter, the District Court affirmed the Bankruptcy Court's decision to lift the automatic stay on account of debtor's bad faith filing. The Court stated that the eve of foreclosure filings (the debtor had filed multiple bankruptcy cases) were not per se bad faith, but the debtor did not

respond to the motion for relief from stay and did not attend the hearing, thus she admitted to having filed her petition in bad faith.

6. ***In re Sentry Park, Ltd.*, 87 B.R. 427 (Bankr. W.D. Tex. 1988)**

   a. In this matter, the debtor was a limited partnership whose sole asset was an apartment complex in Lubbock, Texas. The Chapter 11 bankruptcy case was filed on the eve of foreclosure, shortly after an unsuccessful attempt to obtain an injunction in state court to forestall a foreclosure. All parties agreed that the value of the property exceeded the debt owed. The secured party filed a motion for relief from stay alleging the debtor had filed in bad faith. The Court found no evidence of abuse and held "under slightly different facts, the Court might well have found abuse of process; however, the ***uncontroverted evidence is that the property is worth far more than the mortgage against it. Were the secured party shown to be under-secured ... that would have been a different case***." (emphasis added)

7. ***Chitex Communication, Inc. v. Kramer*, 168 B.R. 587 (S.D. Tex. 1994)**

   a. The Court in this matter held "'good faith' implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose." citing *In the Matter of Metropolitan Realty Corp.*, 433 F.2d 676, 678 (5th Cir. 1970) While this is the only case found providing a clear definition of "good faith," ultimately, the Chapter 11 petition was found to be filed in bad faith.

8. ***In re Casa Loma Associates*, 122 B.R. 814 (Bankr. N.D. 1991)**

   a. In this matter, the Court held that a second Chapter 11 petition is permissible if filed in good faith. The Court held that a serial filing alone is not grounds for dismissal, and that a bona fide change in circumstances may justify a debtor's multiple filings.

The Court stated that the inquiry should be whether or not there was a pattern or strategy behind the filings to frustrate statutory requirements and abuse the bankruptcy process.

    b. The Court found that unanticipated changes in circumstances had substantially affected the partnerships ability to perform under the first plan, and there was no evidence that the second case was filed in bad faith. The changed circumstances included: (1) change in federal law prohibiting discrimination against children as tenants where the debtor, an "adult only" complex, suffered increased vacancies as a result of the admission of children; (2) discovery of concealed unanticipated fire damages and structural defects necessitating substantial expenditures; and (3) in order to maintain occupancy debtor was required to accept tenants of lower socio-economic backgrounds which resulted in increased vandalism, dispossessory actions and rental concessions.

Respectfully submitted,

By: /s/ Alan Gerger
Alan Gerger
State Bar No. 07816350
Christina L. Garcia
State Bar No. 24055522
Dunn, Neal & Gerger L.L.P.
3050 Post Oak Blvd., Suite 400
Houston, Texas 77056
(713) 403-7400 Phone
(713) 960-0204 Fax

ATTORNEYS FOR KEVIN ORTON

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing was served on the party shown below either electronically by the Clerk of the Court by fax transmission, or by hand delivery on **January 6, 2010.**

Richard E. Wakeland
Attorney at Law
2500 West Loop South
Suite 255
Houston, Texas 77027
      Via Telecopy (713) 789-3331

By: _____
Christina L. Garcia